Fritz Nordmann and Anna Nordmann, his wife *v.* Commonwealth of Pennsylvania and The Joseph Bucheit & Sons Co. Keystone Iron & Metal Co., Inc., Appellant.

Fritz Nordmann and Anna Nordmann, his wife *v.* Keystone Iron & Metal Co., Inc. and LeWinter Transfer Co. Keystone Iron & Metal Co., Inc., Appellant.

Argued March 3, 1983, before President Judge CRUMLISH, JR. and Judges WILLIAMS, JR. and BARBIERI, sitting as a panel of three.

John A. Bacharach, Girman & Bacharach, for appellant.

Clyde T. MacVay, Evans, Ivory & Evans, P.C., for Fritz and Anna Nordmann.

John J. Eidemueller, for Commonwealth of Pennsylvania.

John J. Repcheck, for Joseph Bucheit & Sons Co.

James F. Malone, III, for LeWinter Transfer Co.

OPINION BY JUDGE WILLIAMS, JR., December 22, 1983:

Keystone Iron & Metal Company, Inc. (Keystone) appeals from an order of the Court of Common Pleas of Allegheny County vacating the order of summary judgment rendered in favor of Keystone.

Fritz and Anna Nordmann (husband and wife), plaintiffs below, instituted a trespass action against Keystone, LeWinter Transfer Company, Inc. (LeWinter), the Joseph Bucheit & Sons Company, Inc. (Bucheit) and the Commonwealth of Pennsylvania, arising from an injury to Fritz Nordmann in the course of his employment with Bucheit. In 1974 Bucheit contracted with the Department of Transportation to demolish and remove a bridge in Pittsburgh, Pennsylvania, with Bucheit becoming the owner of the

scrap metal. Keystone agreed to purchase the scrap from Bucheit, and then arranged for LeWinter to haul the metal from the bridge site to Keystone's scrap yard. On June 2, 1978, plaintiff, an ironworker loading scrap onto LeWinter's scrap hauler at the bridge site, was injured after being thrown out of the truck when the vehicle stopped instantly after unexpectedly rolling backwards.

During discovery, plaintiffs served interrogatories on Keystone which, through its President, denied that its employes (1) were present at the bridge site at any time during the scrap loading, and (2) had any knowledge of the condition of LeWinter's trucks and equipment, loading methods and safety procedures employed. Averring that its only involvement with the project was to purchase scrap metal from Bucheit and that no material facts were in dispute, Keystone filed a motion for summary judgment which was granted, without opposition, by the trial court on February 22, 1982.

Subsequently, Bennett Buchman, Keystone's general manager during the incident in question, testified by deposition (1) that he was present at the work site on a number of occasions during the scrap loading as Keystone's representative; (2) that he observed the loading procedure employed but did not inquire whether the wheels of LeWinter's trucks were blocked; and (3) that he believed the wheels of such vehicles ought to be blocked during scrap loading.

Asserting that Mr. Buchman's testimony directly contradicted the earlier sworn statements of Keystone's President (which strictly limited Keystone's involvement to the purchase agreement with Bucheit), therefore raising substantial factual questions materially bearing on Keystone's potential liability, plaintiffs filed a "Motion for Reconsideration of a Summary Judgment Based on After Discovered Evi-

dence.'' By order dated April 12, 1982, the trial court vacated its order of summary judgment. This appeal followed.[1]

In *Pennsylvania Public Utility Commission Bar Association v. Thornburgh,* 62 Pa. Commonwealth Ct. 88, 93, 434 A.2d 1327, 1329-30 (1981), *aff'd per curiam,* 498 Pa. 589, 450 A.2d 613 (1982), we

> delineated the following standards before summary judgment may be entered: (1) the case must be clear and free from doubt; (2) the moving party must prove that there is no genuine issue of material fact to be tried and that it is entitled to judgment as a matter of law, and (3) the record must be viewed in the light most favorable to the non-moving party and all doubts as to the existence of a genuine issue of material fact must be resolved against the moving party. (Citation omitted).

The trial court accordingly vacated the summary judgment because the conflicting statements of Keystone's President and former general manager raised substantial issues of fact.

Mr. Buchman's testimony, unlike that of the President's, raised factual issues concerning the occasional presence of a Keystone representative at the bridge site during the job, the representative's personal knowledge of scrap loading practices at the site, the attendant risks and the precautions which ought to

---

[1] Although an order denying a motion for summary judgment is interlocutory and therefore usually not appealable, *Pennsylvania Turnpike Commission v. Atlantic Richfield Company,* 482 Pa. 615, 394 A.2d 491 (1978), the order *sub judice* falls within the specific exception created by Pa. R.A.P. 311(a)(1):

> (a) *General Rule.* Except as otherwise prescribed by general rule, an appeal may be taken as of right from:

> (1) Affecting judgments. On order opening, vacating or striking off a judgment, or refusing to open, vacate or strike off a judgment. (Emphasis in original.)

have been undertaken. Such evidence materially bears on whether Keystone owed a duty to plaintiff, breach of which is actionable under the liability theories articulated in plaintiffs' brief.[2]

With the introduction of Mr. Buchman's conflicting testimony, the record which had supported summary judgment in favor of Keystone, is no longer clear and free from all doubt. *See, City of Greensburg v. Cooper,* 14 Pa. Commonwealth Ct. 419, 322 A.2d 152 (1974). Substantial factual issues bearing on Keystone's potential liability for plaintiff's injuries now exist. Accordingly, we affirm the order of the trial court.

## ORDER

AND Now, this 22nd day of December, 1983, the order of the Court of Common Pleas of Allegheny County dated April 12, 1982 is affirmed.

---

[2] Plaintiffs cite as possibly applicable the liability theories enunciated in Restatement (Second) of Torts §§413, 414, 416 and 427 (1965). We express no position on the merits of the proffered theories of liability and their application here.