Pike County Light and Power Company, Petitioner *v.* Pennsylvania Public Utility Commission, Respondent.

452

Argued September 11, 1984, before President Judge CRUMLISH, JR. and Judges ROGERS, WILLIAMS, JR., CRAIG, MACPHAIL, BARRY and COLINS.

*Gerald A. Maher*, with him, *Andrew Gansberg, Maher & Babinecz, P.C.*, and *Christopher Zettlemoyer, Reed, Smith, Shaw & McClay*, for petitioner.

*Wendell F. Holland*, Assistant Counsel, with him, *Albert W. Johnson, III*, Deputy Chief Counsel, and *Charles F. Hoffman*, Chief Counsel, for respondent.

*Gerald Gornish, Wolf, Block, Schorr & Solis-Cohen*, for intervenor, J. O. Ryder Rendering Co., Inc.

*Phillip F. McClelland*, counsel, for intervenor, Office of Consumer Advocate.

Opinion by President Judge Crumlish, Jr., February 8, 1985:

Pike County Light and Power Company appeals that portion of a Pennsylvania Public Utility Commission order which reduced by $58,558 its federal income tax expense for ratemaking purposes.[1] We vacate and remand for additional findings of fact.

On March 1, 1983, Pike filed Supplement No. 18 to Tariff Electric—Pa. P.U.C. No. 7, to become effective May 1, 1983, requesting a rate base increase of approximately $644,800 in total revenue predicated upon a future test year.[2] An April 21, 1983 Commission order suspended Supplement No. 18 for seven months and instituted an investigation into its propriety. Following public hearings on this rate increase request, an Administrative Law Judge (ALJ) issued a Recommended Decision proposing that Pike's federal income tax expense for the test year be reduced by $58,558; this resulted from attributing to Pike $509,203 in loss carryovers supposedly available as tax deductions.[3] The Commission adopted this recommendation in an order entered November 22, 1983, thereby reducing Pike's rate base increase by $126,872.

In considering Pike's challenge to the Commission's order, our scope of review is limited to determining whether constitutional rights were violated, an

---

[1] The Commission's order also decreased Pike's purchase power expenses by $188,207. Pike does not contest this aspect of the order in its appeal.

[2] Two subsequent, unrelated actions by the Commission in effect raised Pike's proposed rate increase to $897,100 by lowering its permitted revenues under the existing rate structure.

[3] The test-year $58,558 reduction resulted from the ALJ multiplying the $509,203 amount by the 46 percent federal corporate income tax rate to arrive at a figure of $234,283, then amortizing this sum over a four-year period.

error of law was committed, or the Commission's findings of fact or order were unsupported by substantial evidence. *Park Towne v. Pennsylvania Public Utility Commission,* 61 Pa. Comonwealth Ct. 285, 433 A.2d 610 (1981).

Pike first contends that the Commission contravened the established law on treatment of federal income tax expenses for ratemaking purposes in ordering that it recognize the carryover losses. Noting that it has participated in its parent corporation's consolidated federal income tax returns,[4] and that these returns contained deductions for its losses, Pike asserts that there are no longer any carryover losses that can be claimed on future returns. Pike further argues that it credited to the benefit of its ratepayers the cash reimbursements received from its parent for the use of the losses on the consolidated returns.

A utility may only charge its ratepayers with those expenses actually incurred by it. *Cohen v. Pennsylvania Public Utility Commission,* 78 Pa. Commonwealth Ct. 545, 468 A.2d 1173 (1983). A utility is limited to recovering a *reasonable* allowance for federal income taxes in its rates. *See Peoples Natural Gas Co. v. Pennsylvania Public Utility Commission,* 47 Pa. Commonwealth Ct. 512, 409 A.2d 446 (1979). Our courts have consistently prevented utilities from including in their rate requests tax expenses which they do not actually pay because of their participation

---

[4] Section 1501 of the Internal Revenue Code, 26 U.S.C.A. §1501 (1982), authorizes an affiliated group of corporations to file a consolidated tax return. Pike is a wholly-owned subsidiary of Orange and Rockland Utilities, Inc., thus qualifying as a member of Orange and Rockland's affiliated group. However, Pike need not participate in a consolidated return if this will be detrimental to its interests. *Western Pacific Railroad Corp. v. Western Pacific Railroad Co.,* 197 F.2d 994 (9th Cir. 1951), *vacated on other grounds,* 345 U.S. 247 (1953).

in a consolidated return. *See, e.g., Western Pennsylvania Water Co. v. Pennsylvania Public Utility Commission,* 54 Pa. Commonwealth Ct. 187, 422 A.2d 906 (1980). If Pike has losses which will be available as deductions in the consolidated returns, it must pass on the savings from these deductions to its customers. Moreover, to the extent Pike has not factored its past reimbursements into prior rates or the rates it currently seeks, it can be compelled to recognize them.

Unfortunately, we cannot exercise our appellate review of the Commission's order for conformity to the law regarding this utility's federal income tax expense. Neither the Commission nor the ALJ made findings of fact necessary to this review. There were no findings on (1) the degree to which Pike reduced its current rate request by debiting from tax expense and crediting to deferred tax payable $135,470 of reimbursements and by transferring to retained earnings another $174,214 in reimbursements, (2) whether reimbursements were included in past rate base computations, resulting in lower rates than Pike would have otherwise sought, and (3) whether any of the $509,203 in carryover losses the ALJ attributed to Pike are unavailable as deductions due to their use in past consolidated returns.[5] We must remand to the Commission for these findings to be made.[6]

---

[5] Although the Commission and the ALJ referred to Pike being able to claim these losses on a stand-alone basis, the record reveals that Pike has consistently participated in its parent's consolidated return. Pike's decisions on joining in future consolidated returns should be based upon whether this will afford the maximum use of whatever carryover losses are at its disposal.

[6] Because these additional findings are also needed for us to decide whether the Commission's order (1) unconstitutionally prevents Pike from recovering its reasonable expenses and (2) is unsupported by substantial evidence and without a rational basis, we do not reach these issues.

Pike also argues that the Commission's reduction in its federal income tax expense constitutes unlawful retroactive ratemaking. We disagree.

The Commission clearly may not establish rates which are calculated to retroactively recover surpluses or refund deficits created by inaccuracies in its prior rate authorizations. However, it may take into account extraordinary losses or gains occurring in the past by amortizing them over a period of years. *See, e.g., Pennsylvania Public Utility Commission v. Duquesne Light Co.,* 57 Pa. P.U.C. 1 (1983) (deferred taxes); *Pennsylvania Public Utility Commisson v. West Penn Power Co.,* 54 Pa. P.U.C. 602 (1981) (tax deficiencies); *Pennsylvania Public Utility Commission v. National Fuel Gas Distribution Corp.,* 54 Pa. P.U.C. 401 (1980) (tax refunds). Here, the Commission merely ordered Pike to account for its extraordinary past losses by amortizing them against its federal income tax expense (assuming, for the purpose of this argument only, the correctness of the Commission's finding that Pike could deduct $509,203 in carryover losses over the next four years). There was thus no retroactive ratemaking by the Commission.

Vacated and remanded for additional findings of fact consistent with this opinion.

### Order

The order of the Pennsylvania Public Utility Commission, entered November 22, 1983, at R-832325, is vacated and the matter is remanded to the Commission for additional findings of fact consistent with this opinion.

Jurisdiction relinquished.

This decision was reached prior to the resignation of Judge WILLIAMS, JR.