500 A.2d 490

**Edith HUNTER and Royal Hunter, H/W**

**v.**

**EMPLOYERS INSURANCE OF WAUSAU and Martin A. Blaker, M.D. and Z.B. Friedenberg, M.D.**

**Appeal of EMPLOYERS INSURANCE OF WAUSAU.**

Superior Court of Pennsylvania.

Argued Sept. 10, 1985.

Filed Nov. 15, 1985.

228

Joseph T. Bodell, Jr., Philadelphia, for appellant.

Before WIEAND, CERCONE and ROBERTS, JJ.

WIEAND, Judge:

After a summary judgment becomes final because no appeal has been taken within the time allowed, may the court which entered the judgment vacate it sua sponte? We agree with appellant that the judgment in this case had become final and that the trial court's order attempting to vacate the judgment was improper. Therefore, we reverse.

In 1980, Edith Hunter and Royal Hunter, husband and wife, commenced an action for civil damages against Em-

ployers Insurance of Wausau (Employers) and against Doctors Martin A. Blaker and Z.B. Friedenberg. On July 24, 1984, Employers filed a motion for summary judgment. The motion was granted by order of the Honorable Alfred J. DiBona, Jr. on September 11, 1984, and judgment was entered in favor of Employers. No appeal was ever filed from this judgment. On January 4, 1985,[1] however, an order was filed which contained the signature of Judge DiBona and which purported to vacate the judgment entered on September 11, 1984 and assign Employers' motion for summary judgment to the Honorable Curtis C. Carson, Jr. for disposition. This order was entered sua sponte and without notice to the parties. On January 8, 1985, Judge Carson entered an order denying Employers' motion for summary judgment. On January 29, 1985, Employers appealed from the order entered January 4, 1985, which had sua sponte and without notice vacated the summary judgment entered on September 11, 1984.

■ Pa.R.App.P. 311(a) provides that "an appeal may be taken as of right from (1) an order opening, vacating or striking off a judgment...." An order vacating a summary judgment falls within this rule and is immediately appealable. See: *Nordmann v. Commonwealth of Pennsylvania*, 79 Pa.Cmwlth. 187, 190 n.1, 468 A.2d 1173, 1174 n.1 (1983). The present appeal, therefore, is properly before this Court for determination.

■ The law pertaining to the vacation or modification of court orders is stated at 42 Pa.C.S. § 5505 as follows:

Except as otherwise provided or prescribed by law, a court upon notice to the parties may modify or rescind any order within thirty days after entry, notwithstanding the prior termination of any term of court, if no appeal from such order has been taken or allowed.

If no appeal is taken within thirty days, an order becomes final; and it cannot thereafter be modified, rescinded or

1. The order bore the date of November 30, 1984; it was not filed, however, until January 4, 1985.

vacated by the court. See: *Leonard v. Anderson Corp.*, 300 Pa.Super. 22, 445 A.2d 1279 (1982). See also and compare: *Commonwealth v. Gordon*, 329 Pa.Super. 42, 477 A.2d 1342 (1984); *Fish v. Gosnell*, 316 Pa.Super. 565, 463 A.2d 1042 (1983).

The judgment in the instant case was entered by order of court on September 11, 1984. When no appeal was taken within thirty days thereafter, the judgment became final. It could not thereafter be vacated by the court. It could not be vacated without the consent of the party in whose favor the judgment had been entered merely to permit reconsideration by another judge.

The order vacating the summary judgment in favor of appellant is reversed, and the summary judgment previously entered in favor of appellant is reinstated.

CERCONE, J., did not participate in the consideration or decision of this appeal.