531 A.2d 1152

**LOOMIS LAKE ASSOCIATION By Hamilton S. HUGHES, Trustee ad Litem**

v.

**Floyd C. SMITH, Jr., and Reva Smith, his wife, Appellants (Two Cases).**

Superior Court of Pennsylvania.

Argued April 10, 1987.

Filed Oct. 7, 1987.

Peter G. Loftus, Scranton, for appellants.

Laurence M. Kelly, District Attorney, Montrose, for appellee.

Before CIRILLO, President Judge, and ROWLEY and WIEAND, JJ.

## OPINION OF THE COURT

ROWLEY, Judge:

These are consolidated appeals from an order entered in a trespass action and a summary judgment entered in an ejectment action, both of which involve the same parties and

the same parcel of land. Appellants, Floyd C. and Reva Smith (Smiths), were defendants in an action in trespass brought by plaintiff-appellee, Loomis Lake Association (Association), on July 9, 1976. The Association alleged that the Smiths wrongfully trespassed on property owned by the Association and caused damage thereon by removing trees and erecting a fence. The case went to trial and on September 14, 1977, the jury found for the Association awarding it nominal damages of $2.00. The Smiths filed a timely motion for a new trial. On September 28, 1979, the trial court filed an order denying the Smiths' motion for new trial because they had failed to pursue it. Judgment on the verdict was entered by the Association on December 17, 1984. No appeal was ever taken from this judgment.

After the trial court's denial of the Smiths' motion for a new trial, but prior to the entry of judgment in the trespass action, the Association, in 1980, instituted an action in ejectment to oust the Smiths from the property at issue in the trespass action. The Smiths counterclaimed raising a claim of adverse possession. The Association moved for summary judgment on the issue of adverse possession based on the doctrine of *res judicata.*

On January 2, 1985, in an attempt to invalidate the claim of *res judicata* in the ejectment action, the Smiths filed a motion to open or, in the alternative, to strike the judgment entered in the trespass action erroneously alleging that the trial court had not ruled on their post-trial motion. The Smiths also claimed that they were prejudiced by the Association's late filing of the praecipe for judgment in the trespass action. On August 8, 1985, the court, after argument on the petition to open or strike, entered the following order:

AND NOW TO WIT, this 8th day of August, 1985, the Motion for New Trial in this matter, having been filed on the 16th of September 1977, being without merit, the same are [sic] hereby dismissed and the court affirms the judgment heretofore entered by the Prothonotary on the Praecipe of the plaintiff.

On August 13, 1985 the court entered the following order in the trespass action:

NOW TO WIT, this 13th day of August, 1985, this matter has lain dormant since the verdict of the jury of the 14th of September, 1977. That verdict was in favor of the plaintiff, Loomis Lake Association. Motions were filed for a new trial and never presented to the court. Such motions were usualboilerplate, (sic), raising no issues relative to the verdict of the jury. The Motions for a New Trial is (sic), therefore, dismissed nunc pro tunc. The motion to Open or in the Alternative to Strike Judgment, filed by the defendant on the 17th of Seprember, (sic) 1984, is therefore, dismissed.

The Smiths, on September 5, 1985, appealed from the *August 8, 1985* order entered in the trespass action. That appeal is filed at No. 2410 Philadelphia, 1985.

On August 13, 1985, the trial court also entered summary judgment in the ejectment action in favor of the Association after concluding that all of the issues necessary to determine the title and interest of the Association to the land in question were resolved in the trespass action. The Smiths' second appeal, at No. 2529 Philadelphia, 1985, is from this judgment. The appeals have been consolidated for disposition.

*I. Appeal at No. 02410 Philadelphia, 1985 (Trespass)*

█ Judgment was entered in the trespass action on December 17, 1984. Although appellants' petition to open or strike the judgment was filed on January 1, 1985, within the 30–day appeal period permitted by Pa.R.A.P. 903, no appeal was ever taken from the judgment. Therefore, at the end of the 30–day appeal period, the judgment became final. *Simpson v. Allstate Insurance Co.*, 350 Pa.Super. 239, 504 A.2d 335 (1986). Although the order of August 8, 1985, from which appellants appeal, purports to dismiss the Motion for New Trial which was filed on September 16, 1977 and to affirm the judgment of December 17, 1984, the court had already dismissed the Motion for New Trial on September 28, 1979, and the judgment had become final and no longer appealable on January 16, 1985. Therefore, the

order of August 8, 1985, was an unnecessary order which had no effect. Because the order affected no rights of any party and because it put no party out of court who was not already out of court, the order was not final and appealable. *See: Pugar v. Greco*, 483 Pa. 68, 394 A.2d 542 (1978).

However, it appears that what the trial court intended to do by the August 8, 1985 order was to deny the petition to open or strike the judgment. The order was entered following argument on the petition to open or strike the judgment which was the only matter before the court in the trespass action at that time. Within five days, on August 13, 1985, the court entered another order yet again purporting to dismiss the post-trial motion, as had the August 8, 1985 order, and specifically dismissing the petition to open or strike the judgment. Because the petition to open or strike the judgment was the only matter before the court on August 8, 1985, and because the order which was filed only five days after the August 8, 1985 order, when nothing more was pending before the court, was nearly identical to the August 8, 1985 order except that it specifically disposed of the petition which had been pending immediately before the August 8, 1985 order, it is apparent that the trial court had intended to dismiss the petition to open or strike in the August 8, 1985 order.

The Smiths' Notice of Appeal does not say that the appeal is from the August 13, 1985 order dismissing the petition to open or strike the judgment, but only states that the appeal is from the August 8, 1985 order. However, as we have already noted, the August 8, 1985 order in fact accomplished nothing which had not already been done by a previous order, and therefore was not final and appealable. We therefore quash the appeal at No. 02410 Philadelphia, 1985. However, even if we were to consider the August 8, 1985 order as, in effect, denying the petition to open or strike, we would affirm the order.

When a judgment is entered by the trial court in a contested civil action and becomes final, such as in the trespass action in this case, it cannot ordinarily be modified, rescinded, or vacated by the trial court. *Simpson v. All-*

*state,* 350 Pa.Super. 239, 504 A.2d 335 (1986); *Hunter v. Employers Insurance of Wausau,* 347 Pa.Super. 227, 500 A.2d 490 (1985). The trial court's discretionary power over a judgment entered in a contested action is extremely limited. Such a judgment can be opened only if there has been fraud or circumstances so grave and compelling as to constitute "extraordinary cause." *Klugman v. Gimbel Brothers, Inc.,* 198 Pa.Super. 268, 182 A.2d 223 (1962). Our review of the record in this case shows that the trial court did not err when it denied the petition to open or strike.

The Smiths have alleged neither fraud nor extraordinary circumstances which might justify opening or striking the judgment which had become final. The Smiths' sole argument is that the delay between the jury verdict and the praecipe for judgment, a period of more than seven years, was too long to allow a valid judgment to be entered. The Smiths have cited no authority which imposes any time limitation on when a verdict must be reduced to judgment, and our research similarly has revealed none. Although the Smiths discuss the requirement that a judgment lien on real property must be revived every five years (42 Pa.C.S. § 5526) and that an action on a judgment must be brought within six years (42 Pa.C.S. § 5527), these statutes are irrelevant here. Both statutes apply only *after* there is a *judgment.* The jury verdict, in this case, is not the same as a judgment. A verdict is the jury's findings of fact; a judgment, however, is the court's determination of the case upon the jury's verdict. 46 Am.Jur.2d Judgments § 4. Therefore the time limitations in these statutes have no application here.

Equally without merit is the Smiths' contention that they have been severely prejudiced by the entry of the judgment because several witnesses have died. The Smiths could have praeciped for judgment and taken an appeal any time after the verdict was rendered and the trial court denied their post-trial motions in September, 1979. However, the Smiths never praecipied for judgment, and even after judgment was entered on praecipe of the Association, the Smiths failed to pursue an appeal raising any substantive argument

that the jury's verdict was improper. Because the Smiths' argument is without merit and they have shown neither fraud nor extraordinary circumstances warranting the opening or striking of the judgment, we conclude that even if we were to consider the appeal as being from an order denying the petition to open or strike, the trial court did not err in denying the Smiths' petition.

## II. Appeal at No. 02529 Philadelphia, 1985

The trial court granted summary judgment in the ejectment action on August 13, 1985 on the basis that the issue of ownership of the land was *res judicata* by virtue of the judgment in the trespass action. The Smiths have appealed therefrom and raise eight issues. We find no merit to any of the issues and affirm the judgment.

Our scope of review of an appeal from summary judgment is clear.

A motion for summary judgment may properly be granted only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Pa.R.C.P. 1035(b). *See also Rybas v. Wapner,* 311 Pa.Super., 50, [54], 457 A.2d 108, 109 (1983); *Williams v. Pilgrim Life Insurance Co.,* 306 Pa.Super. 170, 172, 452 A.2d 269, 270 (1982). In passing upon a motion for summary judgment, the court must examine the record in the light most favorable to the nonmoving party. *Pocono International Raceway, Inc. v. Pocono Produce, Inc.,* 503 Pa. 80, [83], 468 A.2d 468, 470 (1983); *Zimmerman v. Zimmerman,* 322 Pa.Super. 121, [124], 469 A.2d 212, 213 (1983); *Wilk v. Haus,* 313 Pa.Super. 479, [482], 460 A.2d 288, 289–290 (1983). It is not part of the court's function to decide issues of fact but solely to determine whether there is an issue of fact to be tried. *Wilk v. Haus, supra* at [482], 460 A.2d at 290; *Tom Morello Construction Co. v. Bridgeport Federal Savings & Loan Association,* 280 Pa.Super. 329, 334, 421 A.2d 747, 750 (1980). Any doubt must be resolved against the moving party. *Chorba v.*

*Davlisa Enterprises, Inc.,* 303 Pa.Super. 497, 500, 450 A.2d 36, 38 (1982); *First Pennsylvania Bank, N.A. v. Triester,* 251 Pa.Super. 372, 378, 380 A.2d 826, 829 (1971). *Thorsen v. Iron and Glass Bank,* 328 Pa.Super. 135, 140–141, 476 A.2d 928, 930–931 (1984). *Accord Thompson Coal Co. v. Pike Coal Co.,* 488 Pa. 198, 203–204, 412 A.2d 466, 468–469 (1979); *Day v. Volkswagenwerk Aktiengesellschaft,* 318 Pa.Super. 225, 231, 464 A.2d 1313, 1316 (1983); *Rybas v. Wapner,* 311 Pa.Super. 50, 54, 457 A.2d 108, 109–110 (1983).

> However, parties seeking to avoid the entry of summary judgment against them may not rest upon the averments contained in their pleadings. On the contrary, they are required to show, by depositions, the answers to interrogatories, admissions or affidavits, that there is a genuine issue for trial. Pa.R.C.P. 1035(d). The court, in ruling on a motion for summary judgment, must ignore controverted facts contained in the pleadings. *Pfaff v. Gerner,* 451 Pa. 146, 303 A.2d 826 (1973); *Younginger v. Heckler,* 269 Pa.Super. 445, 410 A.2d 340 (1979).

*Washington Federal Savings and Loan Association v. Stein,* 357 Pa.Super. 286, 289, 515 A.2d 980, 981 (1986).

■ The Smiths' first argument is that for the doctrine of *res judicata* to apply, the issue to which it applies must have been actually litigated. The Smiths contend that in the prior action, title to the real estate was not established. After thoroughly reviewing the transcript of the trespass trial and the charge to the jury in that case, we find that the issue of whether the Smiths or the Association owned the land in question was actually litigated and necessarily decided by the jury. The jury was charged that before it could find that the Smiths had trespassed, it first had to determine that the land involved was owned by the Association. Because the jury found that the Smiths had trespassed, the jury necessarily also found that the land was owned by the Association. Therefore, we find no merit to this argument.

■ Next, the Smiths argue that the jury in the trespass action did not determine ownership of the land by returning a verdict against the Smiths because the jury had ques-

tioned the court as to whether the Smiths would lose any of their land if they returned a verdict against them and the jury was told that the Smiths would not. Although there is nothing in the record in the trespass action to show that the jurors submitted such a question to the trial judge or what his answer was, the Smiths support their argument by affidavits from several jurors in the trespass action. The affidavits state that based on "further instruction from the judge that the farmer would not lose *his* land due to the decision that was made" the jurors returned a verdict against the Smiths. (Emphasis added.) As stated by the affidavits and by the Smiths, however, the question of the jurors was whether the Smiths' *own* land would be taken from them. However the issue in the trespass action was whether or not the Smiths were trespassing on the *Association's* land. If the jury returned a verdict against the Smiths, the only land that would be taken from the Smiths would be the Association's land and not the Smiths' land. We conclude that even though the jurors understood that the Smiths' own land would not be taken from them if the verdict was returned against them, nothing in the record shows that the jury did not understand that by returning a verdict against the Smiths, land of the Association would be taken from the Smiths. Consequently, the affidavits of the jurors do not affect our conclusion that the issue of ownership of the land was litigated and decided in the trespass action.

█ The Smiths also argue that the transcript in the trespass action was not completely transcribed to include the jurors' question and the court's answer thereto, and therefore the record on appeal is incomplete. Even if the substantive issue concerning the jurors' question had merit, we would still find the issue of the incomplete transcript to be frivolous. It is the responsibility of the *appellants* to ensure that the record on appeal is adequate. *Commonwealth v. Williams*, 357 Pa.Super. 462, 516 A.2d 352 (1986). Therefore, the Smiths cannot raise the issue of the record's inadequacy as a basis for reversing the judgment when it is their obligation to provide us with a complete record.

Next the Smiths argue that judgment in the trespass action has never been finalized because an appeal from the prior trespass judgment is presently before the Court. As discussed in our disposition of the appeal at No. 02410 Philadelphia, 1985, no timely appeal was taken from the judgment in the trespass action, and therefore the judgment became final on January 16, 1985. We find no merit to this issue.

The Smiths also argue that the Association should have raised the issue of collateral estoppel. The Smiths' argument was not raised in the trial court and therefore is waived. *Dilliplaine v. Lehigh Valley Trust Co.*, 457 Pa. 255, 322 A.2d 114 (1974).

The Smiths next argue that there was a disputed issue of fact that prevents entry of summary judgment, namely, ownership of the entire tract of land. The Smiths assert that the claim of *res judicata* upon which the motion for summary judgment was based related solely to the counterclaim. The Smiths do not state why this is a significant fact. The counterclaim does not describe the property it relates to other than by saying "the land in question." We therefore assume that the counterclaim refers to the identical property claimed in the complaint. Because the ownership of the property in the counterclaim is *res judicata*, the issue of ownership of the entire tract in question is *res judicata*, and there was no factual dispute precluding the entry of a summary judgment. In claiming that there was a disputed issue of fact, the Smiths also rely on their denial, in their answer, of the averments of the complaint. However, the Smiths failed to present any deposition, answers to interrogatories, affidavits or admissions to show that there was an issue of fact to be determined, and they cannot rely on a controverted fact in the pleadings to avoid the entry of summary judgment. *Washington Federal Savings and Loan v. Stein*, 357 Pa.Super. 286, 515 A.2d 980 (1986). Therefore, the issue is without merit.

The Smiths argue that summary judgment in ejectment cannot be entered against them because a trespass

action cannot be prosecuted to judgment until the question of title in an ejectment action has been finally settled. However, this appeal is from the summary judgment in the ejectment action and not from the judgment in the trespass action. The issue of whether the trespass action could be prosecuted to final judgment before the ejectment action was concluded could only have been raised in an appeal from the judgment in the trespass action before the judgment in the trespass action became final. The Smiths chose not to appeal from the judgment in that action. Therefore, they have waived the issue, *Dilliplaine v. Lehigh Valley Trust Co.*, 457 Pa. 255, 322 A.2d 114 (1974), and cannot now raise it in the ejectment action.

■ The Smiths' final issue is that the trial court erred in denying their preliminary objection to the amended complaint because the defect of lack of capacity to sue, which was the basis of the court's sustaining of their preliminary objection to the complaint, was not cured in the amended complaint. Although the Smiths' brief is utterly devoid of any discussion of this issue and fails to elucidate why they believe that the Association lacked capacity to sue, by examining the briefs filed in the trial court along with the preliminary objections, it appears that the basis of the Smiths' argument is that the Association failed to register its name in compliance with the Fictitious Name Act, Act of 1945, May 24, P.L. 967, § 1, 54 P.S. § 28.1, in effect when the complaint was filed, and therefore is precluded from bringing any action pursuant to § 4 of the Act (54 P.S. § 28.4). However, the Fictitious Name Act applies only to individuals who "carry on" or "conduct" business, and it specifically exempts from the term "business" any non-profit or professional activities.

In the new Fictitious Names Act, 54 Pa.C.S. § 301 *et seq.*, which became effective after the complaint and amended complaint were filed in this case, unincorporated associations, one of which the Association claims to be, are specifically exempted from the mandatory requirement of registering the fictitious name. 54 Pa.C.S. § 303(b)(2)(iv). Al-

though unincorporated associations were not specifically exempt or non-exempt prior to the effective date of 54 Pa.C.S. § 303, the Official Source Note to the new Act states that the "applicability of the filing requirements to ... unincorporated associations are clarified" by the new Act. Therefore, although it may have been unclear prior to the new Act whether unincorporated associations were exempt from the filing requirement, the legislature amended the statute so that it was clear that the legislature intended unincorporated associations to be exempt. We are aware of no appellate decisions in Pennsylvania, and appellants have cited none, which hold that under the former Fictitious Name Act, unincorporated associations were required to register their names. Considering that the new Act clarifies what may have been ambiguous in the old Act, that the legislature intended that unincorporated associations not be required to register their names, we find no error in the trial court's refusal to sustain appellants' preliminary objection on the basis that appellee had failed to register its fictitious name.

The appeal at No. 02410 Philadelphia, 1985 is quashed; the judgment appealed at No. 02529 Philadelphia, 1985 is affirmed.

WIEAND, J., concurs in the result.