535 A.2d 294

United States Fidelity & Guaranty Company, Appellant *v.* Pennsylvania National Mutual Casualty Insurance Company and Northwestern National Insurance Company, Appellees.

Argued October 6, 1987, before President Judge CRUMLISH, JR., Judge COLINS, and Senior Judge BARBIERI, sitting as a panel of three.

*John M. Silvestri,* for appellant.

*Keith O. Brenneman,* with him, *John C. Carlin, Jr.,* for appellee, Pennsylvania National Mutual Casualty Insurance Co.

*Ronald H. Heck, Ronald H. Heck & Associates, P.C.,* for appellee, Northwestern National Insurance Company.

OPINION BY PRESIDENT JUDGE CRUMLISH, JR., December 31, 1987:

United States Fidelity & Guaranty Company (Fidelity) appeals an Allegheny County Common Pleas Court order entering summary judgment in favor of appellees Northwestern National Insurance Company (Northwestern) and Pennsylvania National Mutual Casualty Insurance Company (Pa. National). We affirm as to Northwestern; we reverse and remand as to Pa. National.

Fidelity paid claims to two of its policyholders whose automobiles sustained damage in two separate accidents. The policyholders were not at fault. Instead, the City of McKeesport and the Penn Township Ambulance Association, Rescue No. 6 (Association), respectively, admitted liability.[1] Northwestern (for McKeesport) and Pa. National (on behalf of the Association) reimbursed the policyholders for their deductibles, but refused on the basis of Section 8553(d) of the Judicial Code[2] to pay Fidelity the amounts it claimed in subrogation. Hence, Fidelity filed a complaint in the nature of a declaratory action requesting that Section 8553(d) be interpreted so as to not bar their claims.

---

[1] Fidelity seeks $430.83, plus interest and costs, from Northwestern for losses it paid to one Christopher Pambacas for damages his automobile sustained in a collision with a City of McKeesport police car.

Fidelity seeks $540.25, plus interest and costs, from Pa. National for losses it paid to one James Lindsay for damages his automobile sustained in a collision with a Penn Township Ambulance Association vehicle.

[2] 42 Pa. C. S. §8553(d).

Fidelity contends that the common pleas court erred in not recognizing its equitable right to redemption. It also argues that factual questions exist in the record as to whether the Association is a local agency entitled to immunity.

Of course, a common pleas court should only enter summary judgment where no genuine issue of material fact is in dispute and a clear right to the legal relief sought is established. *Nordmann v. Commonwealth,* 79 Pa. Commonwealth Ct. 187, 468 A.2d 1173 (1983).

Section 8553(d) of the Judicial Code[3] requires a claimant entitled to damages from a local agency to first collect and exhaust benefits for losses from his/her insurance company (except a life insurance company) before recovering damages from the local agency.

In *Michel v. City of Bethlehem,* 84 Pa. Commonwealth Ct. 43, 478 A.2d 164 (1984), we held that a claimant's insurance company, as subrogee, had no separate, distinguishable right to collect its loss from a local agency. Further, in *Germantown Savings Bank v. City of Philadelphia,* 98 Pa. Commonwealth Ct. 508, 512 A.2d 756 (1986), we upheld the constitutionality of Section 8553(d) and noted that its purpose was rationally related to the legitimate government interest of defining the extent to which a political subdivision is at risk.

Fidelity argues that Section 8558 of the Judicial Code, 42 Pa. C. S. §8558, creates an independent subrogee right to collect a judgment. That section provides:

---

[3] Section 8553(d) provides:

If a claimant receives or is entitled to receive benefits under a policy of insurance other than a life insurance policy as a result of losses for which damages are recoverable [from the municipality], the amount of such benefits shall be deducted from the amount of damages which would otherwise be recoverable by such claimant.

If the judgment is obtained against a local agency that has procured a contract or policy of public liability insurance protection, the holder of the judgment may use the methods of collecting the judgment as are provided by the policy or contract and the laws of the Commonwealth to the extent of the limits of coverage provided.

We disagree with Fidelity's interpretation. Section 8558 requires that judgment enforcement be consistent with the "laws of the Commonwealth." Section 8553(d) explicitly *limits* recovery when a claimant is entitled to benefits from his/her own insurance carrier. Construing these two provisions to be consistent with each other, we hold that a subrogee has no independent action against a local agency or its insurance company where Section 8553(d) precludes further recovery.

Reviewing the entry of summary judgment entered in favor of Pa. National and its insured, we hold that the common pleas court erred because a factual issue remains in dispute. *Nordmann.* In its answer to new matter of Pa. National, Fidelity specifically replied that "Penn Township Ambulance Association, Rescue No. 6 is not a 'local agency.' "[4] This question is not clarified in the pleadings later filed in this matter. Thus, we remand this portion of the case to the common pleas court for further proceedings. *See Wilson v. Dravosburg Volunteer Fire Department No. 1,* 101 Pa. Commonwealth Ct. 284, 516 A.2d 100 (1986).

The entry of summary judgment in favor of Northwestern is affirmed. The entry of summary judgment in favor of Pa. National is reversed. That portion of this matter is remanded for further proceedings.

---

[4] Fidelity's Reply to New Matter, paragraph no. 2.

## ORDER

The order of the Allegheny County Common Pleas Court, No. GD-84-5490 dated December 29, 1986, is affirmed as to entry of judgment in favor of Northwestern National Insurance Company. The entry of summary judgment in favor of Pennsylvania National Mutual Casualty Insurance Company is reversed and that portion of this matter is remanded for further proceedings.

Jurisdiction relinquished.