632 A.2d 1011

**Donald H. MENCH and Carol A. Mench, Administrators of the Estate of Kim Louise Mench, Appellants,**

**v.**

**LOWER SAUCON TOWNSHIP and Borough of Hellertown and Louis A. Rosati, Jr.**

**Donald H. MENCH and Carol A. Mench, Administrators of the Estate of Kim Louise Mench,**

**v.**

**LOWER SAUCON TOWNSHIP and Borough of Hellertown and Louis A. Rosati, Jr.**

**Appeal of Borough of HELLERTOWN and Louis A. Rosati, Jr., Appellants.**

Commonwealth Court of Pennsylvania.

Submitted Sept. 13, 1993.

Decided Oct. 15, 1993.

118

Edward P. Shaughnessy, for appellants/appellees Mench.

Michael P. Shay, for appellee Lower Saucon Township.

William P. Leeson, for appellees/appellants Borough of Hellertown and Louis A. Rosati, Jr.

Before PALLADINO and PELLEGRINI, JJ., and NARICK, Senior Judge.

NARICK, Senior Judge.

Donald H. Mench and Carol A. Mench (Appellants), Administrators of the Estate of Kim Louise Mench (Mench), appeal from an order of the Court of Common Pleas of Northampton County (trial court) granting (1) the post-trial motions of the Borough of Hellertown (Borough) and Louis A. Rosati, Jr. (Rosati); (2) the motion in limine of Lower Saucon Township (Township);[1] and (3) the motion granting in part and denying in part delay damages. We affirm.

On March 12, 1989, Mench and a companion travelled north on Route 412 in the Township in an automobile. At the same time, Rosati, a police officer for the Borough, travelled in his police vehicle in a southerly direction on Route 412. Rosati, responding to an emergency in the Township, was driving at a high rate of speed (86 mph) and, as his vehicle approached a curve on Route 412, Rosati lost control and crossed into the northbound lane of travel and collided head-on with Mench. Mench died as a result of the injuries sustained in this accident.

Appellants filed a claim against Defendants on the issue of liability and damages. A non-jury trial was held on the

1. The Township, Borough and Rosati are collectively the Defendants.

matter of the issue of liability wherein the trial court issued a verdict imposing vicarious liability on both the Borough and the Township for damages resulting from the negligence of Rosati.[2]

Following the determination of liability, a jury trial was held on the issue of damages and a verdict was entered for the Appellants and against the Defendants on the Wrongful Death Count in the amount of $57,395.20 and on the Survival Count in the amount of $680,500.00.[3] Prior to trial and in post-trial motions, Defendants asked the trial court to rule that, pursuant to Section 8553 of the Judicial Code (Code), 42 Pa.C.S. § 8553 (relating to the amount of damages for which a municipality may be liable in a tort action) that Appellants should be limited to recovering $500,000.00 (reduced to $470,000.00 because of a previous payment to a passenger in Mench's car in the amount of $30,000.00.)[4]

Appellants asserted that the verdict should not be molded or reduced because both the Township and the Borough had purchased automobile insurance policies for one million dollars. Appellants also filed a post-trial motion for delay damages. The trial court granted the Township's motion in limine, the Borough's and Rosati's motion to mold the jury verdict; and granted in part and denied in part the Appellants' motion for delay damages.

On appeal to this Court,[5] Appellants argue that the trial court erred in (1) molding the jury verdict in light of the

2. Despite the fact that Rosati was a police officer for the Borough, the Appellants joined the Township in the complaint arguing that, since Rosati was responding to an emergency in that Township he was acting as a "borrowed servant."

3. Prior to trial, Appellants entered into a partial payment arrangement with the Borough and Rosati in which Defendants paid the sum of $470,000.00 in an agreement entitled, "Receipt and Satisfaction."

4. Further, Defendants Hellertown and Rosati asserted that the amount of damages awarded by the jury should be reduced by the insurance benefits payable to the decedent under her personal automobile policy. The trial court agreed and Appellants have not appealed on this issue.

5. Our scope of review is limited to determining whether the trial court committed an error of law or abused its discretion. *Mirror Printing Co.,*

fact that the Borough and the Township Defendants had purchased liability insurance in the amount of one million dollars, and (2) that the trial court erred in its computation of delay damages.

■ Appellants first argue that they are entitled to collect a damage award up to the limit of the coverage provided by the insurance policies purchased by the Borough and the Township, and are not subject to the $500,000.00 limitation on recoverable damages under Section 8553(b) of the Code. As authority for this proposition, Appellants rely upon Section 8558 of the Code, 42 Pa.C.S. § 8558, which states:

### § 8558.  Judgments against local agency.

If the judgment is obtained against a local agency that has procured a contract or policy of public liability insurance protection, the holder of the judgment may use the methods of collecting the judgment as are provided by the policy or contract and the laws of the Commonwealth to the extent of the limits of coverage provided.

In essence, Appellants maintain that the purchase of liability insurance in excess of $500,000.00 constitutes a waiver of the statutory cap under Section 8553(b) of the Code to the extent of the coverage.

An isolated reading of this section would seem to indicate that the holder of the judgment could obtain an amount of damages up to the limits of the insurance policy which in the instant case would be a million dollars. The rules of statutory construction, however, state that: "[S]ections of statutes are not to be isolated from the context in which they arise such that an individual interpretation is accorded one section which does not take into account the related sections of the same statute." *Commonwealth v. Lurie,* 524 Pa. 56, 60, 569 A.2d 329, 331 (1990) (quoting *Commonwealth v. Revtai,* 516 Pa. 53, 532 A.2d 1 (1987)). Thus, Section 8558 must be interpreted in conjunction with other sections of the Code.  In particular,

*Inc. v. Altoona Area School Board,* 148 Pa. Commonwealth Ct. 168, 609 A.2d 917 (1992).

Section 8558 must be construed in accordance with Section 8553(b) which states:

### § 8553. Limitations on damages.

(b) Amounts recoverable.—Damages arising from the same cause of action or transaction or occurrence or series of causes of action or transactions or occurrences shall not exceed $500,000.00 in the aggregate.

Subsection (b) clearly sets forth a limitation on damages of $500,000.00 in the aggregate. "The clear intent of the General Assembly was that municipalities were to be placed upon the same footing as other persons with regard to liability resulting from certain acts up to a maximum liability of $500,000.00 per incident or series of incidents." *City of Philadelphia v. Nationwide Insurance Co.*, 92 Pa.Commonwealth Ct. 20, 498 A.2d 462 (1985).

This Court addressed an issue similar to the one at bar in *United States Fidelity & Guaranty Co. v. Pennsylvania National Mutual Casualty Insurance Co.*, 112 Pa.Commonwealth Ct. 252, 535 A.2d 294 (1987). In that case, Fidelity (an insurance company) had paid claims to two policyholders whose automobiles had sustained damages in two separate accidents, but who were not at fault. Instead, the City of McKeesport (City) and a rescue squad admitted liability. The insurance carriers for the City and the rescue squad reimbursed the policyholders for their deductible, but refused, on the basis of Section 8553(d) of the Code, to pay Fidelity the amounts it claimed in subrogation. Section 8553(d) of the Code requires a claimant entitled to damages from a local agency to first collect and exhaust benefits for losses from his or her insurance company before recovering damages from the local agency. Fidelity argued that Section 8558 of the Code created an independent subrogee right to collect a judgment. This Court wrote:

We disagree with Fidelity's interpretation. Section 8558 requires that judgment enforcement be consistent with the "laws of the Commonwealth." Section 8553(d) explicitly *limits* recovery when a claimant is entitled to benefits from

his/her own insurance carrier. Construing these two provisions to be consistent with each other, we hold that a subrogee has no independent action against the local agency or its insurance company or Section 8553(d) precludes further recovery.

*Id.* at 255, 535 A.2d at 296. We find this reasoning equally applicable to construing Sections 8558 and 8553(b) to be consistent with each other. The fact that the Legislature provided the municipalities with the power to purchase liability insurance and provided for the collection of judgments against local agencies does not indicate that the Legislature provided for a waiver of the statutory limitation on damages.

Our interpretation of Sections 8553(b) and 8558 is further supported by a recent decision of the Pennsylvania Supreme Court. In *Tulewicz v. Southeastern Pennsylvania Transportation Authority,* 529 Pa. 588, 606 A.2d 427 (1992), the Court addressed what is commonly called the Political Subdivision Tort Claims Act (Act).[6] The court ruled that: "[T]he defense of immunity is nonwaivable." *Id.* at 594, 606 A.2d at 429. The similarities between the Act and the Code provide further proof that the statutory limit on damages is not waivable by virtue of the purchasing of liability insurance by municipalities.[7]

Appellants' second argument is that the trial court erred in its computation of delay damages. Appellants raised

6. Sections 8541 and 8542 of the Judicial Code, 42 Pa.C.S. §§ 8541–8542.

7. We are not unmindful that certain other jurisdictions have interpreted the purchase of liability insurance by a municipality as a waiver of sovereign immunity. The Appellants rely specifically on the Montana Supreme Court Case of *Crowell v. School District No. 7 of Gallatin County,* 247 Mont. 38, 805 P.2d 522.(1991), which held that the school district waived its immunity, under a statute similar to the statute in the instant case, by purchasing liability insurance. However, those jurisdictions that have chosen to find a waiver have based their decisions upon the constitutions and statutory provisions of their own state. We choose to side with those jurisdictions, such as Virginia, that have found that no such waiver exists. *See Hinchey v. Ogden,* 226 Va. 234, 307 S.E.2d 891 (1983) (finding that a waiver is an *intentional* relinquishment of a known right and that there can be no waiver of sovereign immunity by implication).

the issue of delay damages in their statement of the questions involved in summary of the argument but do not carry the issue forward into the argument; therefore, we need not consider their argument because it has been waived. *See Giant Markets, Inc. v. Sigma Marketing Systems, Inc.*, 313 Pa.Superior Ct. 115, 126 n. 2, 459 A.2d 765, 771 n. 2 (1983). Section 2119:11 of Pennsylvania Appellate Practice, Darlington, McKeon, Schuckers and Brown 1986 states:

[Pa.R.A.P.] Rule 2119(e) requires that the information included in the statement of the case pursuant to Pa.R.A.P. 2117(c) (statement of the case—statement of the place of raising or a preservation of issues) be repeated in connection with the argument or a cross reference be made to the specific pages of the statement of the case where this information may be found.

■ Therefore, we have no choice but to affirm the trial court's computation of delay damages by default on the part of Appellants.[8]

Accordingly, we affirm.

## ORDER

And now, this 15th day of October, 1993, the order of the Court of Common Pleas of Northampton County in the above-captioned matter is hereby affirmed.

---

**8.** Defendants' cross-appeal challenges Appellants right to any delay damages based upon the "Receipt and Satisfaction", see n. 3, wherein Appellants waived their claim for delay damages upon the first $500,-000.00 awarded under the verdict. Defendants assert, however, that the trial court erred in awarding any delay damages on the amount awarded over $500,000.00 because of the Supreme Court's decision in *Woods v. Department of Transportation*, 531 Pa. 295, 612 A.2d 970 (1992). *Woods* held that once the statutory cap has been tendered, the obligation to pay delay damages ceases. However, *Woods* is inapplicable here because the excess award fell under the wrongful death cause of action, which was much less than the statutory limit, and not under the survival action limitation which had been met. Accordingly, Defendants' cross-appeal must be rejected.