647 A.2d 633

John J. DUNAJ, Administrator of the Estate of Ruth Dunaj, Deceased: John J. Dunaj, Individually and John J. Dunaj, as the Parent and Natural Guardian of John J. Dunaj, II, a Minor, Appellants,

v.

SELECTIVE INSURANCE CO. OF AMERICA and Dallas Fire and Ambulance Association, Inc.

Commonwealth Court of Pennsylvania.

Argued May 12, 1994.

Decided Aug. 23, 1994.

---

94

Joseph J. Heston, for appellants.

Paul A. Barrett, for appellee.

Before CRAIG, President Judge, SMITH, J., and LORD, Senior Judge.

SMITH, Judge.

John J. Dunaj, individually and in his capacity as administrator of the estate of Ruth Dunaj, deceased, and as the parent and natural guardian of John J. Dunaj, II, appeals from the order of the Court of Common Pleas of Luzerne County denying Dunaj's motion for post-trial relief from the court's decree nisi, which concluded that the liability of the Dallas Fire and Ambulance Association, Inc. (Fire Association) and Selective Insurance Company of America (Selective) resulting from an accident in which the Dunajs were involved is limited to $500,000 pursuant to Section 8553(b) of the Judicial Code (Code), 42 Pa.C.S. § 8553(b). The issues raised on appeal are whether the purchase of liability insurance by a local agency in an amount in excess of the limitation on damages imposed by Section 8553(b) constitutes a waiver of immunity by the local agency to the extent of the insurance coverage; and whether an insurance carrier is obligated under a liability policy issued to a local agency to provide benefits to a plaintiff under the carrier's excess policy for damages exceeding the $500,000 limitation of Section 8553(b).

On June 3, 1990, a fire truck owned by the Fire Association and driven by one of its employees collided with a vehicle containing the Dunaj family, fatally injuring Ruth Dunaj and permanently injuring John J. Dunaj, II. In effect on that date were two business automobile liability insurance policies issued by Selective to the Fire Association; a basic liability policy with a $500,000 combined single limit, and an excess policy with a $1,000,000 occurrence limit containing a self-retained limit of $10,000. Dunaj subsequently filed a civil action with the trial court which was resolved by Selective tendering the policy limits of $500,000 that Dunaj accepted without prejudice to bring this action to determine what additional benefits, if any, he is entitled to receive under the

excess policy. On August 3, 1992, Dunaj filed the present action for declaratory judgment. For purposes of this action, the parties agree that the damages sustained by Dunaj exceed the $500,000 single limit of the underlying policy.

The parties submitted to the trial court a stipulation of facts and consented to the legal issues being presented on briefs. On August 5, 1993, the court concluded in a decree nisi that the liability of the Fire Association and Selective is limited to $500,000 as provided in Section 8553(b) of the Code because the Fire Association did not waive the damages limitation upon purchase of excess liability insurance, citing as controlling this Court's decision in *Spisak v. Downey*, 152 Pa.Commonwealth Ct. 220, 618 A.2d 1174 (1992). Furthermore, the trial court rejected Dunaj's contention that by providing an excess policy to a local agency, Selective sought to extend its liability in excess of that which is recognized by statute. The trial court denied Dunaj's motion for post-trial relief and further cited this Court's recent decision in *Mench v. Lower Saucon Township*, 159 Pa.Commonwealth Ct. 116, 632 A.2d 1011 (1993), *appeals denied*, 538 Pa. 617, 645 A.2d 1320 (1994). Dunaj thereafter appealed to this Court.[1]

Dunaj first argues that he is entitled to collect the damage award up to the limit of the coverage provided by the insurance policies between the Fire Association[2] and Selective and is not subject to the $500,000 limitation on recoverable damages under Section 8553(b) of the Code. Dunaj relies upon Section 8558 of the Code, 42 Pa.C.S. § 8558, which states:

**§ 8558. Judgments against insured local agency**

If the judgment is obtained against a local agency that has procured a contract or policy of public liability insurance protection, the holder of the judgment may use the methods

1. This Court's scope of review is limited to determining whether the trial court committed an error of law or abused its discretion. *Mench.*

2. Volunteer fire companies such as the Fire Association are local agencies entitled to immunity under the Code. *Wilson v. Dravosburg Volunteer Fire Dept. No. 1*, 101 Pa.Commonwealth Ct. 284, 516 A.2d 100 (1986).

of collecting the judgment as are provided by the policy or contract and the laws of the Commonwealth to the extent of the limits of coverage provided.

Dunaj asserts that the purchase of liability insurance in excess of $500,000 constitutes a waiver of the statutory cap under Section 8553(b) of the Code to the extent of the coverage. It is precisely this argument which was considered and rejected by this Court in *Mench* and *Spisak.* At the time of argument before this Court, petitions for allowance of appeal were pending before the Pennsylvania Supreme Court in the *Mench* case, and Dunaj presented his arguments regarding waiver expressly in order to preserve the issue in the event the Supreme Court reversed this Court's holding in *Mench.* However, the Supreme Court recently denied the appeals in that case, and Dunaj's contentions in this regard are therefore without merit.

■■■■ This Court notes that the absolute defense of governmental immunity, particularly the statutory limit on damages, is nonwaivable. *Mench.* Nor is governmental immunity subject to any procedural device that could render a local agency liable beyond the exceptions granted by the legislature. *In re Upset Sale of Properties (Skibo),* 522 Pa. 230, 560 A.2d 1388 (1989). While certain other jurisdictions have interpreted the purchase of excess insurance by a local agency as a waiver of sovereign immunity, such decisions were based upon the particular constitutions and statutory provisions of the respective jurisdictions, and this Court has chosen to follow the path of those jurisdictions that have found no waiver. *See Mench,* 159 Pa.Commonwealth Ct. at 122 n. 7, 632 A.2d at 1014 n. 7. Moreover, a clear majority of jurisdictions have held that a governmental agency's purchase of excess liability insurance does not operate to waive the statutory limitation on the amount of damages recoverable against government tortfeasors. James L. Isham, Annotation, *Validity and Construction of Statute or Ordinance Limiting the Kinds or Amount of Actual Damages Recoverable in Tort Action Against Governmental Unit,* 43 A.L.R. 4th 27, 58.

Because Section 8558 of the Code provides that the holder of a judgment against a local agency may collect the judgment "to the extent of the limits of coverage provided," Dunaj contends that the legislature clearly contemplated situations in which a municipality purchases liability insurance in excess of the statutory limitation on damages as set forth in Section 8553 of the Code. However, there is no rational basis to ascribe to the legislature an intent to limit a local agency's liability for damages and to simultaneously provide a means for judgment creditors to recover judgments in excess of such limits. *See Espinosa v. Southern Pacific Transp. Co.*, 50 Or.App. 561, 624 P.2d 162, *aff'd*, 291 Or. 853, 635 P.2d 638 (1981); Isham, 43 A.L.R. 4th at 59.[3]

■ Dunaj nonetheless argues that although Section 8553 of the Code limits the Fire Association's liability to $500,000 in the aggregate per occurrence, no such protection is afforded Selective, and the trial court's holding yields an unreasonable result in that a judgment creditor is unable to collect benefits from a policy on which premiums were paid. Dunaj points to no provision of the insurance policy between Selective and the Fire Association as supporting that Selective can be held liable beyond the $500,000 tendered on behalf of the Fire Association. Nor does Dunaj cite any proposition of law stating that an insurer is obligated to pay sums in excess of those its insured is legally obligated to pay. This is not, as Dunaj characterizes it, a question of "immunity" extended by Section

3. The parties herein discuss the reasons why the Fire Association purchased the excess liability coverage. Although the rationale behind the Fire Association's decision to purchase liability insurance in excess of the statutory cap is not open to speculation by this Court, it is a valid query why the legislature would permit insurance to be purchased in excess of the amounts of statutory tort liability. In *Espinosa*, an Oregon court noted at least two reasons for such a legislative determination: first, a state legislature cannot in any way limit the liability of the state or its local governments under federal law; and second, liability insurance is purchased to cover many kinds of liability that may or may not be subject to tort claims. 50 Or.App. at 573, 624 P.2d at 169. Nevertheless, the central concern in the matter sub judice remains whether the Fire Association's decision to purchase excess liability coverage waived the statutory limitation—under Pennsylvania law, it clearly did not.

8553 of the Code to an insurance carrier. Rather, it is a question of the contractual obligations between Selective and the Fire Association, those obligations being that Selective is to pay only such sums as the Fire Association becomes legally obligated to pay for injury or damage to persons and property caused by the Fire Association's negligence.

In general, the essential feature of an insurance policy is that of indemnity to the insured, which means that "the party insured is entitled to compensation for such loss as has been occasioned by the perils insured against, in precise accordance with the principles and terms of the contract, the right to recover being commensurate with the loss sustained or with the amount specified." 43 Am.Jur.2d *Insurance* § 1, pp. 74–75 (1982). Specifically, in the contractual relationship between an insurer and an insured, "insurance under a policy indemnifying the insured against loss and liability in damages for the bodily injuries of a third person is a contract wholly between the policyholder and the insurer, in which an injured third person has no legal or equitable interest nor any privity with the parties to it." *Id.* at § 159, p. 243. Hence, Selective is obligated only to the Fire Association and only to the extent that the Fire Association is legally obligated to pay. Accordingly, the trial court's order is affirmed.

## ORDER

AND NOW, this 23rd day of August, 1994, the order of the Court of Common Pleas of Luzerne County is affirmed.