618 A.2d 1174

**Pamela and Gregory SPISAK**

v.

**Francis H. DOWNEY and Township of Derry and C.M. High, Inc.**

**Appeal of TOWNSHIP OF DERRY.**

**Pamela and Gregory SPISAK, Appellants,**

v.

**Francis H. DOWNEY and Township of Derry, C.M. High, Inc., Appellees.**

Commonwealth Court of Pennsylvania.

Argued Sept. 17, 1992.

Decided Dec. 15, 1992.

Richard P. Mislitsky, for appellant/appellee Derry Tp.

John A. Statler, for appellees/appellants Pamela and Gregory Spisak.

Before SMITH and KELLEY, JJ., and BARRY, Senior Judge.

SMITH, Judge.

The Township of Derry (Township) appeals from the January 8, 1992 order of the Court of Common Pleas of Dauphin County dismissing the Township's post-trial motions, and Pamela and Gregory Spisak (Spisaks) also appeal from the court's order which directed judgment in favor of the Spisaks on the molded verdict of $500,000 with delay damages calculated on that sum. After trial in this matter, involving injuries sustained by Pamela Spisak in an intersection collision in the Township due to traffic signal defects, the jury found the Township 95% negligent and Francis H. Downey 5% negligent, and returned a verdict of $917,426.44 for the Spisaks. By order dated October 3, 1991, the trial court molded the verdict pursuant to the statutory cap of $500,000 recoverable against local agencies under 42 Pa.C.S. § 8553 and directed that judgment not be entered for the Spisaks' claimed delay damages until the Township's motions were decided. By

order dated January 8, 1992, the trial court denied the Township's motions for post-trial relief and directed that judgment be entered for the Spisaks in the amount of $500,000 plus delay damages of $124,113.01, for a total judgment of $624,-113.01.

The issues presented by the Township in this consolidated appeal are whether the evidence established that the Township had sufficient prior notice of intermittent conflicting green traffic signals under 42 Pa.C.S. § 8542(b)(4); whether the Township is entitled to a new trial because the verdict was against the weight of the evidence; and whether the purchase of liability insurance waived the limitation on damages set forth in 42 Pa.C.S. § 8553. In their cross-appeal, the Spisaks contend that the Township's purchase of a $1,000,000 liability insurance policy waived the statutory limitation on recovery of damages against local agencies and that the trial court erred in molding the verdict from the full award to the $500,000 cap before adding delay damages.

The issues presented to this Court have been adequately addressed by the trial court, and finding no error, this Court affirms on the basis of the opinion issued by Senior Judge William W. Lipsitt of the Court of Common Pleas of Dauphin County, Pennsylvania, in proceedings captioned *Spisak v. Downey*, 13 Pa. D. & C. 4th 228 (1992) (C.C.P. of Dauphin County, No. 2498 S 1989, filed January 8, 1992).[1]

### ORDER

AND NOW, this 15th day of December, 1992, the orders of the Court of Common Pleas of Dauphin County are hereby

1. Regarding the issue of insurance coverage and its effect on the limitation of damages provision in 42 Pa.C.S. § 8553, this Court stresses that the plain language of the statute is clear and unambiguous and in no manner evinces a legislative intent to waive the damages limitation upon purchase of liability insurance by a local agency. The legislation was passed as an attempt to stabilize a political subdivision's ability to obtain insurance coverage by defining the risks to be covered, *Robson v. Penn Hills School Dist.*, 63 Pa. Commonwealth Ct. 250, 255, 437 A.2d 1273, 1276 (1981), and legislative history demonstrates that the General Assembly was aware that municipalities were insured but nevertheless chose to limit their potential liability.

affirmed upon the opinion issued by Senior Judge William W. Lipsitt in *Spisak v. Downey*, 13 Pa. D. & C. 4th 228 (1992) (C.C.P. of Dauphin County, No. 2498 S 1989, filed January 8, 1992).