516 A.2d 100

Beverly Wilson, Appellant *v.* Dravosburg Volunteer Fire Department No. 1, Dravosburg Volunteer Fire Co. No. 2 and Borough of Dravosburg, Appellees.

Argued October 8, 1985, before President Judge CRUMLISH, JR., Judge COLINS, and Senior Judge KALISH, sitting as a panel of three.

*Louis R. Salamon, Salamon & Lang,* for appellant.

*Timothy D. Appelbe, Reale, Fossee* & *Ferry, P.C.,* for appellee, Dravosburg Volunteer Fire Department No. 1.

*Louis C. Long,* with him, *Raymond H. Conaway* and *Thomas V. Gebler, Jr., Meyer, Darragh, Buckler, Bebenek* & *Eck,* for appellee, Dravosburg Volunteer Fire Co. No. 2.

OPINION BY PRESIDENT JUDGE CRUMLISH, JR., October 16, 1986:

On April 4, 1983, the Dravosburg Volunteer Fire Department No. 1 and the Dravosburg Volunteer Company No. 2 (collectively called fire companies herein) were summoned to clean up a diesel fuel spill on a highway adjacent to the lakes on which Beverly Wilson maintained a fishing operation. The fire companies applied a liquid chemical to the highway in an effort to disperse the fuel. Wilson filed a complaint in trespass in Allegheny County Common Pleas Court, alleging that this procedure polluted the lakes, thus causing the destruction of various fish and other aquatic life.

The fire companies filed preliminary objections, arguing that Wilson's complaint should be dismissed as to them because they are entitled to governmental immunity under Sections 8501 to 8564 of the Judicial Code, 42 Pa. C. S. §§8501-8564 (1980 Immunity Act).

The trial court sustained the preliminary objections and held that the fire companies are "local agencies" as defined in the 1980 Immunity Act and entitled to governmental immunity under 42 Pa. C. S. §8541.

In *Zern v. Muldoon,* 101 Pa. Commonwealth Ct. 258, 516 A.2d 799 (1986), this Court examined in depth the legal relationship between volunteer fire companies and the local municipalities they serve. We wrote:

Our extensive review of *Radobersky* and the precedent cited therein leads us to the conclusion that volunteer fire companies, because of their distinct creation and present relationship to municipalities, presently enjoy *governmental* immunity.

This conclusion is supported by a recognition that the functions and accomplishments of volunteer fire departments affix to their continued existence a public, *governmental* character. The extensive statutory legislation which enhances and directs the organization of volunteer fire companies demonstrates an adoption by the Commonwealth and its citizenry of the governmental characteristic of volunteer fire companies. The charitable emphasis in Boyd I and Boyd II has been replaced by the critical realization of the need for continued public protection from fire and the realization that a governmental duty can be capably performed by mostly volunteer organizations.

*Id.* at 271, 516 A.2d at 805 (emphasis in original). The individual volunteer fire company in *Zern,* however, was *not* entitled to governmental immunity because the fire which was the subject of that action occurred between the judicial abolishment of governmental immunity, *Ayala v. Philadelphia Board of Public Education,* 453 Pa. 584, 305 A.2d 877 (1973), and the legislative reenactment of that doctrine, the Political Subdivision Tort Claims Act, Act of November 26, 1978, P.L. 1339, *as amended, formerly,* 53 P.S. §§5311.101—5311.803.[1]

---

[1] This act was repealed by the JARA Continuation Act of 1980, P.L. 693, 42 P.S. §§20010—20052. Similar language now appears at 42 Pa. C. S. §§8541-42.

Now, we must decide whether the legislative revival of the governmental immunity doctrine included volunteer fire companies within its enactment.

The volunteer fire departments' liability in this case is controlled by the 1980 Immunity Act. In that Act, governmental immunity is granted to any "local agency," which is defined as:

A government unit other than the Commonwealth government. The term includes an intermediate unit.

42 Pa. C. S. §8501.

Wilson contends that a volunteer fire company is not a government unit. We disagree.

Although a definition of "government unit" is not found in the 1980 Immunity Act, that term is defined in 42 Pa. C. S. §102[2] as "[t]he General Assembly and its officers and agencies, any *government agency* or any court or other officer or agency of the unified judicial system." (Emphasis added.)

The term "government agency" is defined in 42 Pa. C. S. §102 as follows:

Any Commonwealth agency or any political subdivision or municipal or other local authority, or any officer or *agency of any such political subdivision or local authority.*

(Emphasis added.)

We construe the term "local agency" to include volunteer fire companies as a government unit entitled to immunity under the 1980 Immunity Act. Volunteer fire companies, in the performance of public firefighting duties, exist as an entity acting on the behalf of local government units. *See Commonwealth v. Barker,* 211 Pa.

---

[2] The definitions of terms found in 42 Pa. C. S. §102 are applicable to all provisions of the Judicial Code unless a more specific definition is found in a particular provision.

610, 61 A. 253 (1905). Again, we refer to *Zern,* and support this conclusion by the historical, structural relationship existing between volunteer fire companies and the local municipalities and the citizenry they serve.[3] We stress at this time that our conclusion that volunteer fire companies are local agencies is limited to our analysis of the 1980 Immunity Act.

We hold that volunteer fire companies are entitled to governmental immunity under the 1980 Immunity Act.

The order of the Allegheny County Common Pleas Court is affirmed.

ORDER

The Allegheny County Common Pleas Court order, No. GD 84-4962 dated September 4, 1984, is affirmed.

---

[3] Wilson alleged in her amended complaint that the fire departments' actions violated 42 Pa. C. S. §8550—the willful misconduct exception to government immunity—because the fire departments' actions were grossly and intentionally negligent. The willful misconduct exception reads as follows:

> In any action against a local agency or employee thereof for damages *on account of an injury caused by the act of the employee* in which it is judicially determined that the act of the employee caused the injury and that such act constituted a crime, actual fraud, actual malice or willful misconduct, the provisions of sections 8545 (relating to official liability generally), 8546 (relating to defense of official immunity), 8548 (relating to indemnity) and 8549 (relating to limitation on damages) shall not apply.

(Emphasis added.) Wilson contends that the common pleas court erred in dismissing her complaint as to the fire departments because she presents a justiciable issue of fact. We disagree. Wilson fails to allege that *individual* volunteer firefighters acted with willful misconduct. Her argument that the fire departments as an entire unit constitute a single "employee" is without merit. The willful misconduct provision does not create an additional exception to 42 Pa. C. S. §8542, which contains the only specific waivers of a local agency's immunities.