517 A.2d 577

Brian Walsh, a minor, by his parents and natural guardians, Edmund M. Walsh and Marion R. Walsh, and in their own right Edmund M. Walsh and Marion R. Walsh *v.* Camelot Bristol Company, Inc., and Virgo Corporation et al. Camelot Bristol Company, Inc., and Virgo Corporation, Appellants.

Argued May 13, 1986, before President Judge CRUMLISH, JR., Judge COLINS, and Senior Judge ROGERS, sitting as a panel of three.

*Robert B. Goss, LaBrum and Doak,* for appellants.

*Eugene D. McGurk, Jr.,* with him, *John J. McCarty, Raynes, McCarty, Binder, Ross & Mundy,* for appellees, Brian Walsh, Edmund M. Walsh and Marion R. Walsh.

*Medford J. Brown, III,* with him, *Richard K. Masterson, Masterson, Braunfeld, Himsworth & Maguire,* for appellees, James Mulholland and Edgely Fire Company No. 1.

*Brian L. Lincicome,* with him, *James J. Donohue, White and Williams,* for appellee, Levittown Fire Company No. 2.

OPINION BY PRESIDENT JUDGE CRUMLISH, JR., November 13, 1986:

Camelot Bristol Company, Inc. (Camelot), and Virgo Corporation (Virgo) appeal a Bucks County Common Pleas Court order granting the Edgely No. 1 and Levittown No. 2 Volunteer Fire Companies' motions for summary judgment. We affirm.

Brian Walsh, a junior fireman member[1] of Levittown No. 2, sustained personal injuries while firefighting. Walsh alleges that the volunteer fire companies were negligent through their respective officers' conduct in ordering Walsh to enter and remain inside the burning building without proper safety equipment. Camelot, the building owner, and Virgo, the building maintenance supervisor, are co-defendants and filed cross claims against the volunteer fire companies.[2]

---

[1] As a seventeen year old minor, Walsh's participation as a volunteer fireman is restricted by statute. *See* Section 7.3 of the Act of May 13, 1915, P.L. 286, *as amended,* added by Section 1 of the Act of June 27, 1973, P.L. 70, *as amended,* 43 P.S. §48.3.

[2] The cross claims of Camelot and Virgo incorporated the allegations of negligence set forth in Walsh's complaint. Walsh's complaint alleged that the fire chief of Levittown No. 2 negligently instructed him to enter the burning building without the proper safety equipment. The complaint further alleged that the deputy fire chief of Edgely No. 1 negligently ordered Walsh to remain in the building notwithstanding the danger of the situation. The complaint named both officers as individual defendants. The common pleas court denied these individuals' motions for summary judgment. That part of the order was not appealed to this Court.

A trial court may grant summary judgment when, upon viewing the record most favorably to the non-moving party, it concludes that there is no issue of material fact and that the movant is entitled to judgment as a matter of law. *Nordmann v. Commonwealth,* 79 Pa. Commonwealth Ct. 187, 468 A.2d 1173 (1983).

The common pleas court granted summary judgment because it found that the volunteer fire companies were local agencies entitled to governmental immunity under 42 Pa. C. S. §8541. Camelot and Virgo contend that this conclusion was erroneous. Alternatively, they contend that the activities of the volunteer fire companies are within the scope of the "real property" exception to governmental immunity. 42 Pa. C. S. §8542(b)(3). We disagree with both contentions.

In *Wilson v. Dravosburg Volunteer Fire Department No. 1,* 101 Pa. Commonwealth Ct. 284, 516 A.2d 100 (1986), we recently held that volunteer fire companies are local agencies as defined in the 1980 Immunity Act[3] and entitled to the grant of governmental immunity contained therein.

Section 8542(b)(3)[4] provides that liability may be imposed if the acts of the local agency or its employees involve "[t]he care, custody or control of real property in the possession of the local agency."[5] A volunteer fire company's temporary occupancy of a privately owned building for the limited purpose of extinguishing a fire does not constitute "possession" of that property for the purposes of Section 8542(b)(3). We conclude that Section 8542(b)(3) is inapplicable.

[3] 42 Pa. C. S. §§8501—8564.

[4] 42 Pa. C. S. §8542(b)(3).

[5] The cross claims of Camelot and Virgo alleged negligence in (a) "ordering and/or directing" Walsh; (b) "such other acts of negligence as may be disclosed during the discovery," and (c) "negligence at law."

We therefore hold that the common pleas court properly granted the motions for summary judgment. Affirmed.

ORDER

The Bucks County Common Pleas Court order, No. 80-12365 dated April 4, 1985, is affirmed.

---

We note that there are no specific allegations of negligence with respect to the "care, custody or control" of the property.