543 A.2d 223

Ronald Andrew Natt, Andrew Natt and Sharon Natt, h/w, Appellants *v.* David Andrew Labar et al., Appellees.

Submitted on briefs February 23, 1988, to President Judge CRUMLISH, JR., and Judges McGINLEY and SMITH, sitting as a panel of three.

*Joseph Van Jura,* for appellants.

*Joseph J. Musto,* with him, *Susan M. Rooney, Harry V. Cardoni,* for appellees.

OPINION BY JUDGE SMITH, June 22, 1988:

Ronald, Andrew, and Sharon Natt (Appellants) appeal from the granting of summary judgment by the Court of Common Pleas of Luzerne County in favor of the Township of Exeter, Township of Exeter Police Department, and Ernest Hoover, Chief of Police of the Township of Exeter, (Appellees)[1] pursuant to the Governmental Immunities Act (Act).[2] The question presented for review is whether the trial court committed an error of law or abused its discretion in granting summary judgment to Appellees. For reasons discussed herein, the trial court's decision is affirmed.

While engaging in horseplay on July 15, 1983, David Labar, minor child of John J. Labar (Labar), re-

---

[1] Other appellees named in the subject complaint, but not parties to this Motion for Summary Judgment, are John J., Grace, and David Labar.

[2] Sections 8541-8564 of the Judicial Code, 42 Pa. C. S. §§8541-8564. Section 8541 provides that:

Except as otherwise provided in this subchapter, no local agency shall be liable for any damages on account of any injury to a person or property caused by any act of the local agency or an employee thereof or any other person.

moved an unlocked and loaded service revolver from his father's bedroom closet, pointed it at Ronald Natt, a visitor in the Labar home, and pulled the trigger.[3] Ronald Natt was shot in the jaw, suffering injuries for which he now seeks damages. Prior to this incident, Labar, a part-time police officer employed by Exeter Township, returned home from work and hung his .357 Magnum service revolver inside his unsecured bedroom closet. The incident in question occurred sometime thereafter while Labar and his wife, Grace, were away from their family residence.

Appellants filed their negligence action against Appellees on July 12, 1985. Appellees filed an answer and new matter on August 1, 1985 and on June 27, 1986, filed their motion for summary judgment based upon governmental immunity pursuant to the Act.[4] In granting summary judgment, the trial court determined that the record failed to satisfy the second requisite condition imposed by Section 8542(a) of the Act relating to injury caused by the negligent acts of a local agency or

---

[3] Both appellee David Labar and appellant Ronald Natt were minors at the time of this incident.

[4] Section 8501 of the Judicial Code, 42 Pa. C. S. §8501, provides that a local agency is "a government unit other than the Commonwealth government", a definition here applicable to the Township of Exeter. *Frank v. Southeastern Pennsylvania Transportation Authority and City of Philadelphia,* 96 Pa. Commonwealth Ct. 221, 223 n.1, 506 A.2d 1015, 1016 n.1 (1986). Additionally, the Township of Exeter Police Department is clearly a local agency within the meaning of the Act. *Walsh v. Camelot Bristol Company, Inc.,* 102 Pa. Commonwealth Ct. 76, 517 A.2d 577 (1986); *Wilson v. Dravosburg Volunteer Fire Department No. 1,* 101 Pa. Commonwealth Ct. 284, 516 A.2d 100 (1986). Moreover, Ernest Hoover, the Police Chief of Exeter Township, falls under Section 8545 of the Act and is liable for civil damages on account of any injury to a person or property caused by his acts which are within the scope of his office or duties only to the same extent as his employing local agency.

its employee acting within the scope of his employment with respect to one of the exceptions enumerated in Section 8542(b). The trial court found that none of Appellants' claims fell within any exception to the Act.

Section 8542 provides in pertinent part:

(a) Liability imposed.—A local agency shall be liable for damages on account of an injury to a person or property within the limits set forth in this subchapter if both of the following conditions are satisfied and the injury occurs as a result of one of the acts set forth in subsection (b):

(1) The damages would be recoverable under common law or a statute creating a cause of action if the injury were caused by a person not having available a defense under section 8541 (relating to governmental immunity generally) or section 8546 (relating to defense of official immunity); and

(2) The injury was caused by the negligent acts of the local agency or an employee thereof acting within the scope of his office or duties with respect to one of the categories listed.in subsection (b). As used in this paragraph, 'negligent acts' shall not include acts or conduct which constitutes a crime, actual fraud, actual malice or willful misconduct.

(b) Acts which may impose liability.—The following acts by a local agency or any of its employees may result in the imposition of liability on a local agency:

(3) Real property.—The care, custody or control of real property in the possession of the local agency, except that the local agency shall not be liable for damages on account of any injury sustained by a person intentionally trespass-

ing on real property in the possession of the local agency.

Thus, the two threshold conditions required before liability may attach are that damages be recoverable under common law or statute which creates a cause of action against one not having an immunity defense and that the injury be caused by the negligent acts of the local agency or its employee acting within the scope of employment with respect to one of the prescribed exceptions to governmental immunity, excepting therefrom acts of crime, fraud, malice, or willful misconduct. *Mascaro v. Youth Study Center*, 514 Pa. 351, 523 A.2d 1118 (1987).

Appellees agree that Appellants have stated a cause of action maintainable at common law against one not having the immunity defense.[5] Appellants have thus satisfied the first requisite condition imposed by Section 8542(a). They argue that numerous and substantial disputed issues of fact exist regarding the second condition imposed by Section 8542(a) and whether or not their claim falls within the real property exception to the statute.

Pa. R.C.P. No. 1035(b) provides that summary judgment may be granted where there is no genuine issue as to any material fact and where movant is entitled to judgment as a matter of law. *See Walsh v. Camelot Bristol Company, Inc.*, 102 Pa. Commonwealth Ct. 76, 517 A.2d 577 (1986). Moreover, "our scope of review of a common pleas court order granting summary judgment is limited to determining whether an error of law was committed or the court abused its discretion." *Farley v.*

---

[5] *See, e.g., Kuhns v. Brugger*, 390 Pa. 331, 135 A.2d 395 (1957). The owner of a loaded gun, who kept it in a place where young children frequented, would be liable for the injuries suffered when a child found the loaded gun and shot his young cousin.

*Township of Upper Darby,* 100 Pa. Commonwealth Ct. 535, 536-37, 514 A.2d 1023, 1024 (1986), *petition for allowance of appeal denied,* 517 Pa. 611, 536 A.2d 1334 (1987).

Specifically, Appellants argue that substantial questions exist as to whether Labar's act of placing his service revolver inside his bedroom closet is an act within the scope of his employment. Secondly, Appellants contend that the Township and Police Department's failure to provide storage space for firearms constitutes a defect in the municipal real estate, being both a substantial factor and proximate cause of Labar's reasonably foreseeable conduct in not properly storing and securing his service revolver thereby permitting access to the weapon by his minor son. And thirdly, Appellants argue that Labar's bedroom closet served as storage space for official police uniforms, firearms, bullets, cleaning equipment and a holster used for the benefit of Exeter Township and its Police Department and thus, is an extension of municipal property fitting within the real property exception to governmental immunity. Section 8542(b)(3).

To support their argument, Appellants contend that Labar at all relevant times was subject to a 24-hour call by Exeter Township for emergency situations; he occasionally served as a police officer without wearing a township uniform; and his act of placing an unlocked and loaded service revolver inside his bedroom closet constituted a natural extension of his duties as a police officer. We disagree as Labar's actions were clearly outside the scope of his employment.

Conduct of an employee is within the scope of employment if it is of a kind and nature that the employee is employed to perform; it occurs substantially within the authorized time and space limits; it is actuated, at least in part, by a purpose to serve the employer; and if force is intentionally used by the employee against an-

other, it is not unexpected by the employer. *Fitzgerald v. McCutcheon*, 270 Pa. Superior Ct. 102, 410 A.2d 1270 (1979). Labar's acts, or those of his son, did not further the purpose of his employment and he was not then subject to the right of his employer's control. Moreover, he intended to perform a special assignment that evening for someone other than his employer, for which he would be compensated. Certified Record, Labar Recorded Interview, p. 2.

The act of Labar's minor son is not one reasonably foreseeable by the employer, and merely because Labar could be summoned in an emergency, this Court may not conclude that he was acting within the scope of his employment. If we were to find otherwise, Appellees would be subjected to liability for injuries caused by the negligent conduct of all of Appellees' off-duty police officers, a burden which this Court will not impose. *Fitzgerald*. Further, Appellants' allegations that Labar committed crimes or willful misconduct which were the sole or proximate cause of Appellants' injuries and damages do not bring them within the protection afforded by statute. Section 8542(a)(2) excepts acts or conduct of an employee which constitute crime or willful misconduct.

Nonetheless, and assuming arguendo, for the purposes of summary judgment, that Labar was acting within the scope of his employment, a criterion which must yet be satisfied by Appellants to defeat the bar of governmental immunity is whether the facts of this case place it within the real property exception as alleged by Appellants. As pertains to Appellants' claims, acts by a local agency or its employees which may result in the imposition of liability include the care, custody, or control of real property in the possession of the local agency. Section 8542(b)(3) of the Act. Even were we to assume that Appellees actually possessed the personal residence of Labar, including the closet used to store

his uniform and revolver, Appellants' claims fail to fall within the ambit of the real property exception.

The extent of Section 8542(b)(3) must be narrowly interpreted in light of the legislature's expressed intent to insulate political subdivisions from tort liability. The Supreme Court held in *Mascaro* that the real property exception applies "only to those cases where it is alleged that the artificial condition or defect of the land *itself* causes the injury, not merely when it facilitates the injury by the acts of others, whose acts are outside the statute's scope of liability. We believe the Legislature has clearly precluded the imposition of liability on itself or its local agencies for acts of third parties by its language of §8541, . . . ." *Id.* at 363, 523 A.2d at 1124. (Emphasis in original.)

The issues complained of were not caused by any artificial condition or defect in Appellees' land but rather by the unforeseeable acts of another person, Labar's minor son, which specifically exclude Appellees from liability under the Act. The trial court correctly held that Labar's personal residence is not real property in the possession, care, custody or control of a local agency. Consequently, the trial court committed no error in finding that Appellants failed to show that any genuine issues of material fact exist to establish that Appellants' injuries were caused by the negligence of the local agency or an employee acting within the course and scope of employment, or that Appellants' lawsuit falls within the real property exception to the Act. Accordingly, we affirm the trial court's decision to grant summary judgment to Appellees.

## ORDER

AND NOW, this 22nd day of June, 1988, the trial court's granting of summary judgment in favor of Appellees is hereby affirmed.