KUHN, J.,
This action was instituted by complaint on November 6, 1989, wherein plaintiff alleged that the Borough of Litt-lestown, acting through police officer, Harmon, and the Alpha Fire Company No. 1, acting through its ambulance crew, were negligently responsible for the loss of her diamond earrings. She avers that at approximately 2:50 p.m. on May 30, 1989, Patrolman Harmon and the ambulance crew were dispatched by Adams County Control to an apartment occupied by plaintiff and her husband for the purpose of locating a female who had reportedly taken an overdose of pills. Neither plaintiff nor her husband was at home. The officer forced his way into the apartment. Allegedly, as the officer departed he announced to those who had gathered that no one was present.
No measures were taken by defendants’ agents or employees to lock or secure the premises upon their departure. When plaintiff returned home at 4:30 p.m. that day she discovered the front door open and her diamond earrings missing. She argues that defendants were negligent in failing to properly secure her premises against the unlawful intrusion of others.
Defendants have raised the immunity defense and now move for judgment on the pleadings.
As a general rule no local agency is liable on account of injury to the property of another, 42 Pa.C.S. §8541, unless (1) damages would be recoverable at common law or by statute except for the immunity defense, and (2) the injury is negligently *458 caused by the acts of an employee of a local agency acting within the scope of his duties with respect to any of eight different categories. 42 Pa.C.S. §8542. The only question in this case is whether the conduct complained of fits within one of those eight categories. Otherwise, the defense is a bar to this action. There are only two categories which could arguably apply in this case.
42 Pa.C.S. §8542(b):
“(2) Care, custody or control of personal property — The care, custody or control of personal property of others in the possession or control of the local agency. The only losses for which damages shall be recoverable under this paragraph are those property losses suffered with respect to the personal property in the possession or control of the local agency.
“(3) Real Property — The care, custody or control of real property in the possession of the local agency, except that the local agency shall not be liable for damages on account of any injury sustained by a person intentionally trespassing on real property in the possession of the local agency.”
Plaintiff argues that the premises and its contents came within the “care, custody or control” of defendants when their agents or employees initially broke in to answer the emergency call. Naturally, defendants argue to the contrary. We find, however, that we need not decide this case on the basis of determining whether the earrings were within the care, custody or control of defendants. Rather, on the basis of Walsh v. Camelot Bristol Co. Inc., 102 Pa. Commw. 76, 517 A.2d 577 (1986), we conclude that defendants did not have “possession” of the premises or its contents. There a volunteer fire company responded to a fire call. The court held that:
*459 “A volunteer fire company’s temporary occupancy of a privately owned building for the limited purpose of extinguishing a fire does not constitute "possession’ of that property for purposes of section 8542(b)(3).” 102 Pa. Commw. at 79, 517 A.2d at 578.
Both section 8542(b)(2) and (3) require that the personal property be in the ""possession” of or real property be in the ""possession” of the local agency. Here, as in Walsh, supra, where employees or agents of a local agency enter premises for emergency purposes they are not in ‘"possession” of the premises or its contents for purposes of including such conduct within the exceptions to governmental immunity.
Accordingly, the attached order is entered.
ORDER OF COURT
And now, October 26, 1990, defendant’s motion for judgment on the pleadings is granted and the complaint is dismissed.