606 A.2d 567

Joseph BUCHANAN, Appellant,

v.

Paul R. LITTLEHALES, Volunteer Fire Company No. 1 of Grill and LTL Lounge, Appellees.

Commonwealth Court of Pennsylvania.

Argued Dec. 19, 1991.

Decided March 16, 1992.

Richard R. Morelli, for appellant.

John W. Roland, for appellees.

Before COLINS and KELLEY, JJ., and LORD, Senior Judge.

## OPINION

COLINS, Judge.

Joseph Buchanan (Buchanan) appeals an order of the Court of Common Pleas of Berks County (trial court) granting summary judgment in favor of Volunteer Fire Company No. 1 of Grill and LTL Lounge (fire company). Buchanan's complaint alleges that he was injured in an automobile accident which occurred on November 22, 1986. He admits that his car struck two vehicles while driving north on Pennsylvania Route 568, while he was intoxicated. After hitting the two vehicles, he alighted from his vehicle and attempted to walk off the roadway and was struck by Paul R. Littlehales' vehicle. His sole allegation against the fire company is that it served intoxicating beverages to him while he was already in an intoxicated state, thereby violating Sections 491, 493 and 497 of the Liquor Code, Act of April 12, 1951 P.L. 90, *as amended*, 47 P.S. §§ 4–491, 4–493 and 4–497.

The trial court held that the fire company was immune from suit pursuant to what is commonly referred to as the 1980 Immunity Act (Act), articulated in the Judicial Code, 42 Pa.C.S. §§ 8541–8542, thereby granting the fire company's motion for summary judgment. The trial court criticized opinions denying volunteer fire companies total immunity from suit, reasoning that these opinions which make a distinction between governmental and proprietary functions are in derogation of the Act which articulates all of the exceptions to governmental immunity. The trial court reasoned that volunteer fire companies are local government agencies and, therefore, pursuant to the Act, they have

immunity unless one of the eight exceptions articulated in the Act applies.

The issue to be decided in this case concerns whether volunteer fire companies, when serving alcoholic beverages for profit, are local government agencies immune from liability pursuant to the Act. While the Judicial Code defines volunteer firemen as local government "employees" in Section 8501, 42 Pa.C.S. § 8501, it does not define volunteer fire companies as local government agencies. Hence, this issue is subject to judicial interpretation.

An order granting a motion for summary judgment will not be reversed unless the trial court committed an error of law or clearly abused its discretion. A motion for summary judgment should only be granted when there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. Finally, the appellate court must accept as true all well pleaded facts and all factual doubts should be resolved against the moving party. *Temple v. Milmont Fire Company*, 106 Pa.Commonwealth Ct. 120, 525 A.2d 848, *petition for allowance of appeal denied*, 516 Pa. 637, 533 A.2d 95 (1987).

Buchanan argues that the trial court "erred in construing Pennsylvania law to require that the volunteer fire company was immune from suit in the present case, thereby entitling it to summary judgment." He contends that case law has previously addressed the issue of whether a volunteer fire company is included within the definition of "local agency." Buchanan asserts that a volunteer fire company is a local government agency with immunity only when the fire company is in the performance of public fire fighting duties. Hence, according to Buchanan, because the fire company was not performing a public fire fighting function when it served him alcohol, it is not entitled to immunity, and summary judgment should not have been granted.

We begin our analysis with the case of *Radobersky v. Imperial Volunteer Fire Department*, 368 Pa. 235, 81 A.2d

865 (1951),[1] in which the Supreme Court held that a volunteer fire company is a charity, as well as an agency, which performs *"governmental functions."* As such, the Supreme Court stated that a volunteer fire company has immunity "while acting in furtherance of the defendant's [fire company] corporate purpose to 'engage in the prevention and control and extinguishment of fires in the town of Imperial, Pennsylvania, and in the surrounding vicinity'." *Id.*, 368 Pa. at 239, 81 A.2d at 867. Furthermore, the court stated that

> such immunity from liability did not attend the fire company while it was returning from participation in a firemen's parade at a point beyond the territory of its corporate purpose and that, in such instance, the company was subject to the same liability with respect to its fire truck as applies to other motor vehicles while being operated upon a public highway.

*Id.*

In *Zern v. Muldoon,* 101 Pa.Commonwealth Ct. 258, 516 A.2d 799 (1986), *petitions for allowance of appeal granted,* 515 Pa. 586, 527 A.2d 546, 515 Pa. 591, 527 A.2d 549, *petitions for allowance of appeal denied,* 515 Pa. 596, 528 A.2d 604, 515 Pa. 597, 528 A.2d 605 (1987), and *appeal dismissed,* 518 Pa. 75, 541 A.2d 314 (1988), the Commonwealth Court examined the reasoning from the *Radobersky* case, as well as the distinctive relationship which volunteer fire companies have with municipalities. The *Zern* case involved a private citizen's action against a volunteer fire company, alleging that the volunteer fire company was liable for damages arising from a kitchen fire in a restaurant which burned to the ground as a result of the volunteer fire company's fire fighting. Analyzing the facts of that case, the Commonwealth Court concluded that the volunteer fire company should have had immunity.

**1.** We acknowledge that the *Radobersky* case has been overruled in *Incollingo v. Ewing,* 444 Pa. 263, 444 Pa. 299, 282 A.2d 206 (1971), on grounds unrelated to the analysis in the present case.

However, the Commonwealth Court in the *Zern* case, held that the volunteer fire company did not have immunity from suit, because the Supreme Court abolished charitable and local governmental immunity pursuant to the case of *Flagiello v. Pennsylvania Hospital*, 417 Pa. 486, 208 A.2d 193 (1965). Because the critical facts in *Zern* occurred during the time after the Supreme Court abolished the immunity doctrine but before the legislature enacted the Act, the Court was constrained to hold that the volunteer fire company did not have immunity.

■ The law is well settled that a volunteer fire company has immunity only when in performance of public fire fighting duties. *Wilson v. Dravosburg Volunteer Fire Department No. 1*, 101 Pa.Commonwealth Ct. 284, 516 A.2d 100 (1986). The *Wilson* Court definitively applied the public fire fighting duties analysis and held that a volunteer fire company had immunity from liability for pollution, which the fire company caused when chemicals which it was using to clean up a diesel fuel spill on a highway, polluted a lake.

■ More importantly, the specific issues of the present case have previously been decided by two cases of this Court, including the case of *Guinn v. Alburtis Fire Company*, 134 Pa.Commonwealth Ct. 270, 577 A.2d 971 (1990), *petition for allowance of appeal granted*, 527 Pa. 625, 592 A.2d 45 (1991), and *Salazar v. Taylor's Dining Room, Inc.*, 136 Pa.Commonwealth Ct. 527, 583 A.2d 1264 (1990), *petitions for allowance of appeal granted*, 528 Pa. 615, 596 A.2d 160, 528 Pa. 616, 596 A.2d 161 (1991). In *Guinn*, this Court reversed a trial court's order dismissing a plaintiff's complaint and sustaining preliminary objections in the nature of a demurrer in favor of a volunteer fire company on governmental immunity grounds, when a business invitee was struck by a car after consuming alcoholic beverages furnished by the volunteer fire company. Applying the public fire fighting analysis, the *Guinn* Court reasoned that material issues of fact existed, concerning whether the volunteer fire company acted within the scope of its public fire fighting duties when providing alcohol. In *Salazar*,

this Court held that a volunteer fire company was not entitled to immunity when it served alcohol, thereby causing an intoxicated patron to recklessly operate a motor vehicle causing his untimely death. Because the volunteer fire company was not performing a public fire fighting function when it served the alcohol, this Court concluded that it was not acting as a local government agency entitled to immunity. Hence, this Court vacated the trial court's order granting the volunteer fire company's motion for summary judgment.

In the present case, the volunteer fire company, obviously, was not performing a public fire fighting duty when it allegedly served Buchanan the intoxicating beverages resulting in his driving in an intoxicated state. Therefore, we conclude that the volunteer fire company was not acting as a local government agency entitled to immunity.

This Court can readily distinguish the cases cited by the trial court which grant immunity to volunteer fire companies, from the present situation, in which we are denying the volunteer fire company immunity. In *Walsh v. Camelot Bristol Company, Inc.*, 102 Pa.Commonwealth Ct. 76, 517 A.2d 577 (1986), this Court held that the volunteer fire company had immunity in a suit brought by a junior fireman who was injured while fighting a fire. The plaintiff in *Walsh* alleged that his officers, in ordering him to enter and remain inside a burning building without proper safety equipment, were liable for the personal injuries he sustained. Clearly, a fire fighter extinguishing a fire in an inflamed building is performing a public fire fighting function and is acting as a local government agent and the Court can plainly distinguish *Walsh* from the present case. Additionally, in *Weaver v. Union City Volunteer Fire Department*, 102 Pa.Commonwealth Ct. 298, 518 A.2d 7 (1986), a volunteer fire company was granted immunity by this Court from suit involving property damages which occurred during a fire set by the volunteer fire department during a fire fighting training exercise. The Court correctly concluded that the fire fighting training exercise was

within the scope of the volunteer fire company's public fire fighting duties and, therefore, applying the analysis of *Wilson* and *Guinn*, held that the volunteer fire company had immunity. This case is also distinguishable from the present case.

Pursuant to the above analysis, we hold that the trial court erred in granting the volunteer fire company immunity, because the volunteer fire company was not acting as a local government agency, performing a public fire fighting function when it allegedly served alcoholic beverages to Buchanan in this matter.

Accordingly, the order of the trial court is reversed, and this matter is remanded for further proceedings consistent with the foregoing opinion.

## ORDER

AND NOW, this 16th day of March, 1992, the order of the Court of Common Pleas of Berks County in the above-captioned matter is reversed, and this case is remanded for further proceedings consistent with the foregoing opinion.

Jurisdiction relinquished.