**Belmont v. Juniata County Agricultural Society Inc.**

38

*Allen E. Hench,* for plaintiff.
*James F. Carl,* for defendants Juniata Agricultural Society Inc. and Port Royal Speedway.
*Michael Koll,* for defendant Friendship Fire Co.

QUIGLEY, *P.J.,* March 25, 1992—Plaintiffs entered the main event at the Port Royal Speedway. Prior to entering the race, Belmont was required to sign a release which was to relieve the speedway, as well as other named individuals and persons, from liability for accidents on the track.

During the race, a collision occurred in which plaintiff's vehicle was struck from behind by a fellow participant, rupturing plaintiff's fuel tank. Without knowing his automobile was on fire, the plaintiff attempted to restart the motor. After being warned that his car was on fire, Belmont exited immediately and was able to extinguish the flames on his own clothing.

Pursuant to an understanding/agreement between the Friendship Fire Co. and the officials of the Port Royal Speedway, members of the fire company with a fire truck were stationed at the speedway during the race to provide fire fighting services if necessary. The fire truck located at the track arrived and attempted to extinguish the flames with a foam system contained within the truck. Due to unforeseeable circumstances though, the pumping system in the truck was not working at the time and there was no foam to extinguish the fire.

.

Once this difficulty was encountered, a call was put into the fire company and another fire truck was called out and eventually put out the flames on the vehicle.

This case is before the court on a motion for summary judgment by the Friendship Fire Co.

Friendship Fire Co. claims that they are entitled to governmental immunity from the private cause of action under the 1980 Immunity Act. The 1980 Governmental Immunity Act specifically states:

"Except as otherwise provided in this subchapter, no local agency shall be liable for any damages on account of any injury to a person or property caused by any act of the local agency or an employee thereof or any other person." 42 Pa.C.S. §8541.

In *Wilson v. Dravosburg Volunteer Fire Department,* 101 Pa. Commw. 284, 516 A.2d 100 (1986), the court expressly stated that a volunteer fire company must be performing a public fire fighting duty to exist as an entity acting on behalf of local government units. This reasoning was later applied in *Salizar v. Taylor's Dining Room Inc.,* 136 Pa. Commw. 527, 583 A.2d 1264 (1990), which concerns the dispensing the alcoholic beverages at a function. The court quoted *Wilson v. Dravosburg Volunteer Fire Department* in saying: "We construe the term 'local agency' to include volunteer fire companies as a government unit entitled to immunity under the 1980 Immunity Act. Volunteer fire companies, in the performance of public fire fighting duties, exists as an entity acting on the behalf of the local government units." *Salizar, supra,* at 532, 583 A.2d at 1267.

As it seems that there was an oral agreement between the Port Royal Speedway and the fire company of which

the sum of $50 per ambulance unit and $35 per fire truck were to be paid to the fire company for their presence at the speedway, their actions on that night do not seem to fall within the actions of a governmental unit performing public fire fighting duties.

For this reason, defendants' motion for summary judgment on the basis of governmental immunity pursuant to 42 Pa.C.S. §8541, is hereby denied.

Defendants' next contention is that they are entitled to summary judgment since plaintiff signed a waiver before participating in the race expressly releasing them from any liability. The release as quoted in defendants' brief in support of Friendship Fire Co.'s motion for summary judgment states:

"(1) *Hereby releases, waives, discharges and covenants not to sue* the promoter, participants, racing association, sanctioning organization or any subdivisions thereof, track operator, track owner, officials, car owners, drivers, pit crews, *any persons in any restricted area,* promoters, sponsors, advertisers, owners and lessees of premises used to conduct the event and each of them, their officers and employees, all for the purposes herein referred to as 'releasees,' from all liability to the undersigned, his personal representatives, assigns, heirs and next of kin from any and all loss or damage, and any claim or demands therefor on account of injuries to the person or property resulting in death of the undersigned, whether caused by the negligence of the releasees or otherwise while the undersigned is in or upon the restricted area, and/or, competing, officiating, observing working for, or for any purpose participating in the event." Defendant's brief in support of Friendship Fire Co.'s motion for summary judgment, page 8-9.

In deciding on this issue, the court looks to *Seaton v. East Windsor Speedway Inc.,* 400 Pa. Super. 134, 582 A.2d 1380 (1990), for support.

In *Seaton,* the court dealt with a very similar issue, that being a pit crew member who was injured during an automobile race after signing a "release and waiver of liability and indemnity agreement." *Id.* at 136, 582 A.2d at 1381, n. 1. Plaintiff's argument that the release violates public policy in this situation is totally without merit. In the present case there is no matter of interest to the public or the state and therefore as both parties voluntarily entered into this agreement, there is no issue to be addressed concerning public policy. As stated in *Seaton, supra,* at 138, 582 A.2d at 1382, "Such matters of interest to the public or state include the employer-employee relationship, public service, public utilities, common carriers and hospitals."

Plaintiff, C. Andrew Belmont, has held himself out to be a "professional automobile racing driver" (Brief in support plaintiff's opposition to defendant Friendship Fire Co.'s motion to summary judgment, page 1). As plaintiff is a professional in his field, he is obviously aware of the dangers inherent in the activities in which he participates. As the court in *Valeo v. Pocono International Raceway Inc.,* 347 Pa. Super. 230, 500 A.2d 492 (1985) said:

"Automobile racing is hazardous. It gives rise to various situations in which injury or death may result to drivers and mechanics. Experienced race drivers, such as appellant, are aware of the risks attending the sport of automobile racing. Therefore, it is not unusual for participants to examine the conditions of the raceway before agreeing to enter an event and then to release

the sponsor of the event and the owner of the raceway for liability for injuries to person or damage to property occurring while the raceway is being used." *Supra* at 232, 500 A.2d at 493.

This court views the current situation as thus, a professional race car driver earning his livelihood under the present circumstances must, in this court's opinion, agree to the industry standards of signing a release against the race track as done in this case. Plaintiff has obviously raced before and knows that he will be expected to sign a release and indemnification waiver and therefore it would only seem appropriate for plaintiff to protect himself by insuring himself and preparing for occasions such as this.

This court does not find this waiver ambiguous in that, plaintiff as a professional knew that there would be these services available, and that the services were in restricted areas. As plaintiff has been in the business for approximately 15 years, he must know the situation he is entering every time he puts his car and himself on the race track.

Because we are of the opinion that no issue of fact exists as to the release issue, we will grant defendant's motion for summary judgment against plaintiff. It is clear to this court that the plaintiff waived his right to bring suit against the fire company by executing the release.

## ORDER

And now, March 25, 1992, for the reasons set forth in the within memorandum, Friendship Fire Co.'s motion for summary judgment on the theory of governmental immunity is denied. However, fire company's motion for summary judgment is granted and the complaint dismissed as to the Friendship Fire Co.