## IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | | |
|---|---|---|
| Jeffrey Tillman, | : | |
| | : | |
| Petitioner | : | |
| | : | |
| v. | : | No. 327 M.D. 2016 |
| | : | Submitted: December 30, 2016 |
| Pennsylvania Department of | : | |
| Corrections, SCI Houtzdale, SCI | : | |
| Somerset, Allen G. Joseph, CCPM Lt. | : | |
| Brothers, BCI/PREA Coordinator, | : | |
| | : | |
| Respondents | : | |

BEFORE:   HONORABLE RENÉE COHN JUBELIRER, Judge
                   HONORABLE PATRICIA A. McCULLOUGH, Judge
                   HONORABLE JAMES GARDNER COLINS, Senior Judge

OPINION NOT REPORTED

**MEMORANDUM OPINION BY**
**SENIOR JUDGE COLINS**                                            **FILED:  June 9, 2017**

Before this Court are the preliminary objections of the Pennsylvania Department of Corrections (DOC), filed in response to a *pro se* Petition for Review filed in this Court's original jurisdiction by Jeffrey Tillman (Inmate), who is currently incarcerated at the State Correctional Institution at Somerset (SCI-Somerset) and during the time of events pertinent in this matter, had also been incarcerated at the State Correctional Institution at Houtzdale (SCI-Houtzdale).[1]

---

[1] On November 13, 2007, Inmate entered a plea of *nolo contendere* to one count of indecent assault by forcible compulsion, a misdemeanor of the first degree, and one count of burglary, a
**(Footnote continued on next page…)**

In the Petition for Review, Inmate challenges DOC's March 21, 2016 decision as to his Prison Rape Elimination Act (PREA)[2] Complaint #2015-P-1523 (PREA Complaint) dated September 22, 2015, which the DOC deemed as "Unfounded." (Petition for Review, Exhibit 5, March 21, 2016 PREA Investigation-Inmate Notification.) Inmate's PREA Complaint alleges that DOC Counselor Melissa Urbanick (Counselor) committed multiple acts of voyeurism by watching him while he showered, during an unspecified period in 2011-2012. (Petition for Review, Attachment.) The PREA Complaint further alleges that when Inmate attempted, periodically, to avoid Counselor's voyeuristic actions by retreating to a different level of shower stalls, Counselor retaliated with "aggressive, angry and adversarial behavior." (*Id.*) In the Petition for Review, Inmate further alleges that DOC; Allen G. Joseph, Corrections Classification and Program Manager at SCI-Somerset (Joseph); Lt. Brothers (Brothers), the DOC PREA Coordinator (PREA Coordinator); Counselor; and James C. Barnacle, Director of the Office of Special Investigations and Intelligence (OSII) (Barnacle)

---

**(continued…)**

felony of the second degree. With regard to the indecent assault charge, the parties had agreed that in exchange for Inmate's plea, he would receive some court determined period of probation to run consecutively to the sentence imposed for burglary. Inmate was sentenced to a term of two to ten years for burglary and two years of probation for the indecent assault to run consecutively to the burglary sentence. The Superior Court subsequently granted Inmate's appeal of the sentence on the indecent assault charge, and vacated as illegal the probation component of Inmate's sentence, but otherwise affirmed the judgment of sentence. *Commonwealth v. Tillman*, 981 A.2d 2234 (Pa. Super. 2009) (unpublished memorandum).

[2] 42 U.S.C. §§ 15601-15606. According to the DOC website, Pennsylvania's PREA standards are designed to prevent, detect, respond and eliminate incidences of sexual abuse and sexual harassment; PREA applies to confinement facilities, which include federal and state prisons; investigative outcomes of a PREA investigation can result in findings that are 'substantiated', 'unsubstantiated' or 'unfounded'. *See* http://www.cor.pa.gov. (last visited on April 26, 2017).

acted in concert to commit various acts of fraud, an intentional tort, and official oppression in the course of their investigation of the allegations made in Inmate's PREA Complaint. Inmate requests a writ of mandamus,[3] compelling DOC to reopen his PREA Complaint, with an investigation conducted by the Pennsylvania State Police; requiring DOC to remove inaccurate information from his criminal history record; and granting Inmate relief requested in various grievances and complaints referenced in his Petition for Review.

In its preliminary objections, DOC asserts that this Court has neither original nor appellate jurisdiction to review DOC's final decision regarding Inmate's PREA Complaint or to reopen its investigation thereof. DOC asserts that insofar as Inmate seeks the issuance of criminal charges against DOC, Joseph, Brothers, the PREA Coordinator, Counselor, or Barnacle, this Court lacks jurisdiction to do so. Finally, to the extent that Inmate alleges that Joseph, Brothers, the PREA Coordinator, Counselor, or Barnacle committed fraud, an intentional tort, DOC asserts that these individuals are immune from suit for intentional torts committed within the scope of employment. For the reasons set forth below, we sustain DOC's preliminary objections, and dismiss the Petition for Review.

By way of background, we note that Inmate has previously filed a number of grievances and a Petition for Review in this Court's original

---

[3] Mandamus is an extraordinary writ that compels the official performance of a ministerial act or mandatory duty. *Barndt v. Department of Corrections*, 902 A.2d 589, 592 (Pa. Cmwlth. 2006). "A writ of mandamus may be issued only where there is a clear legal right in the petitioner, a corresponding duty in the respondent, and a lack of any other appropriate and adequate remedy." *McGriff v. Pennsylvania Board of Probation and Parole*, 809 A.2d 455, 458 (Pa. Cmwlth. 2002), *affirmed*, 838 A.2d 564 (Pa. 2003).

3

jurisdiction, all related to Counselor's alleged falsification of his criminal history record. As part of his Petition for Review, Inmate provides information regarding a complaint he made to DOC's Office of Special Investigations and Intelligence (the OSII Complaint), wherein he alleged that Counselor, in an effort to justify mandated attendance in a sex offender's treatment program, violated DOC's Code of Ethics by falsifying his criminal history record and illegally labelling him a violent offender.[4] (Petition for Review, Attachment, OSII Complaint.) Inmate was advised by letter that the allegations made in his OSII Complaint did not meet the criteria of a formal OSII inquiry and his letter was forwarded to the SCI-Houtzdale Superintendent for review. (*Id*., Attachment.) According to Inmate, the SCI-Houtzdale Superintendent determined in December 2012 that no further action was warranted. (Petition for Review, Procedural History and Statement of Facts, ¶ 12.) Inmate thereupon filed, in July 2013, a grievance against said Superintendent and Counselor, which was rejected as not having been submitted within fifteen (15) working days after the events upon which his claims were based, and a final appeal decision in October 2013 upheld that decision. (*Id*., ¶¶ 14-15.)

---

[4] Exhibit 1 to Inmate's OSII Complaint is a Form DC-135A "Inmate Request to Staff Member," addressed to Counselor and submitted by Inmate on September 8, 2011, which asks for an explanation as to why the parole board could mandate that Inmate attend a sex offender program when he had no conviction to warrant it. (Petition for Review, Attachment, Exhibit 1.) The Counselor's response is written on the DC-135A form and states, "Tillman – the psychology dept. determines whether you need sex offender treatment…you were evaluated on 5/7/08 and determined to need sex offender moderate to high intensity. Available records indicate 8 arrests for sexual offenses and 7 convictions – miscellaneous sex offense – 1988; miscellaneous sex offense – 1989; sexual assault – 1993; indecent exposure – 1995; indecent exposure – 1996; indecent exposure – 2005; indecent assault – 2005." (Petition for Review, Attachment.)

4

Inmate further states that in March 2014, he filed another grievance, against a DOC records supervisor, concerning the inaccurate criminal history record information he alleges was submitted by Counselor, which he identifies as "Grievance #500193." (*Id.*, ¶ 17.) The record does not contain this submission, but does include DOC's response, dated March 3, 2014, in which DOC denied Grievance #500193. (Petition for Review, Attachment, DOC Grievance Decision.) Noting that in this grievance, Inmate had expressed many concerns previously addressed on numerous occasions by DOC, the response verifies that DOC's record office cannot correct or remove information that is not part of Inmate's record, and can only verify that there is no inaccurate criminal history information within the records maintained by DOC's Record Office.[5]

Also, in 2012, Inmate petitioned for a writ of mandamus in this court's original jurisdiction, requesting that this Court direct DOC to remove the requirement that he complete a sex offender treatment program as a condition of parole. In that petition, Inmate asserted that Counselor violated DOC's Code of Ethics by fraudulently reporting and misrepresenting Inmate's indecent assault conviction in an illegal attempt to require his participation in the sex offender treatment program. DOC filed preliminary objections, asserting, *inter alia*, that Inmate failed to state a cause of action for a writ of mandamus for alleged violations of its Code of Ethics by Counselor because its administrative policies do

---

[5] With regard to Inmate's vacated sentence, the DOC decision issued in response to his grievance states that this information has been "accurately removed" from what is identified as "Version 3 of the DC16E Sentence Status Summary Sheet" issued through the Records Office on October 10, 2013, and that the Pennsylvania Board of Probation and Parole (PBPP) has been notified of Inmate's contention that inaccurate information may exist within its records and has provided information for PBPP's review . (Petition for Review, Attachment, DOC Grievance Decision.)

5

not create any enforceable rights in inmates; in an unreported opinion, *Tillman v. Pennsylvania Board of Probation and Parole,* (Pa. Cmwlth. No. 575 M.D. 2011, filed February 22, 2013), this Court agreed, and sustained the preliminary objections.[6] *See also*, *Tillman v. Pennsylvania Board of Probation and Parole*, (Pa. Cmwlth. No. 575 M.D. 2011, filed December 2, 2014).[7] To the extent that Inmate argues here that Joseph, Brothers, the PREA Coordinator, Counselor, or Barnacle violated DOC's Code of Ethics, we echo our Court's February 2013 determination, and find that Inmate is not entitled to any relief based on alleged violations of the Code of Ethics, since administrative regulations and policies do not create rights in inmates.

---

[6] In that decision, this Court stated:

> With respect to DOC's position that [Inmate] fails to state a cause of action for a writ of mandamus for violation of its Code of Ethics for the conduct of [Counselor], DOC asserts that its administrative policies do not create any enforceable rights in inmates. In *Bullock v. Horn*, 720 A.2d 1079 (Pa. Cmwlth. 1998), this Court noted that administrative regulations or policies do not create any rights in inmates. A review of the Code of Ethics, attached as an exhibit to the Amended Petition, reflects that the Code is identified as "rules and regulations" in the document itself. This Court agrees with DOC that the Code of Ethics for DOC employees does not create a clear right to relief in Tillman. Consequently, there is no basis for mandamus to issue and this Court sustains DOC's preliminary objection.

*Tillman v. Pennsylvania Board of Probation and Parole,* (Pa. Cmwlth. No. 575 M.D. 2011, filed February 22, 2013), slip op. at 12-13.

[7] Because these are unreported decisions, the opinions are not binding precedent, but are considered by the Court for their persuasive value. 210 Pa. Code § 69.414(a).

In his Petition for Review, Inmate challenges DOC's determination that his allegations of a PREA violation by Counselor in the form of voyeurism were unfounded. Inmate contends that DOC failed to properly investigate his PREA complaint, and further contends that in the course of the investigation, Joseph, Brothers, the PREA Coordinator, Counselor, and Barnacle violated the Criminal History Record Information Act (CHRIA), 18 Pa. C.S. §§ 9101-9183. Inmate alleges that when he attempted to prevent Counselor's voyeuristic actions by showering in an alternate location where she could not observe him, Counselor retaliated by fabricating false criminal history record information and DOC staff and investigators abdicated their duties under CHRIA to correct such false information.

Initially, we note that DOC's determination with regard to Inmate's PREA Complaint is akin to the final appeal decision of a grievance, and is beyond this Court's original or appellate jurisdiction. *See Bronson v. Central Office Review Committee*, 721 A.2d 357, 358-59 (Pa. 1998); *Brown v. Pennsylvania Department of Corrections*, 913 A.2d 301, 305 (Pa. Cmwlth. 2006). Moreover, Inmate is prohibited from asserting a claim pursuant to PREA, because PREA does not provide a private right of action. *See Nestor v. Director of Northeast Region Bureau of Prisons*, (D. N.J. No. 11-4683, filed Dec. 20, 2012), 2012 U.S. Dist. LEXIS 180710, 2012 WL 6691791, at *3 (granting summary judgment to defendants on the plaintiff's attempt to recover under PREA). Inmate attaches documentation of his complaint, mailed to the DOC PREA Coordinator in November 2015; he acknowledges that he was provided a PREA interview on December 2015 and received notice of the PREA investigation results in March 2016. (Petition for Review, Exhibits 1, 5.)

7

Inmate's next claim, regarding inaccurate information in his criminal history record was, as noted above, most recently addressed in his grievance #500193, with a March 3, 2014 denial issued by the grievance officer at SCI-Somerset. In the Petition for Review, Inmate invokes CHRIA, alleging that in the course of the PREA investigation, Joseph, Brothers, the PREA Coordinator, and Barnacle acted in concert with Counselor, as they became aware that she had fabricated convictions and made them a part of his criminal history record, and they failed in their duty under CHRIA to correct this inaccurate information. Section 9152(e) of CHRIA establishes the appeals process whereby an individual who challenges the accuracy of his or her criminal history record information through the inmate grievance procedure and whose challenge is ruled invalid may appeal that decision to the Attorney General within 30 days of notification of the decision by the criminal justice agency. 18 Pa. C.S. § 9152(e). The statute provides that the Attorney General shall conduct a hearing *de novo* and the decision may then be appealed to this Court. 18 Pa. C.S. § 9152(e)(3). To the extent that Inmate may be considered to have previously asserted a CHRIA claim through the inmate grievance procedure, via his grievance #500193, it appears that his claims were timely considered and rejected by DOC and there is no evidence that he filed a timely appeal with the Attorney General; in any event, Inmate did not assert a violation of CHRIA as part of his PREA Complaint.

Inmate alleges that Counselor committed fraud, an intentional tort, insofar as she fraudulently fabricated information and entered it into his criminal history records and that Joseph, Brothers, the PREA Coordinator, and Barnacle committed fraud in failing to disseminate corrected information to criminal justice agencies. However, "[t]his Court has held that, 'when an employee of a

8

Commonwealth agency was acting within the scope of his or her duties, the Commonwealth employee is protected by sovereign immunity from the imposition of liability for intentional tort claims.'" *Williams v. Stickman*, 917 A.2d 915, 917 (Pa. Cmwlth. 2007) (quoting *La Frankie v. Miklich*, 618 A.2d 1145, 1149 (Pa. Cmwlth. 1992)). Inmate avers that Counselor acted outside the scope of her employment by fabricating criminal convictions, as such action is not included in her job description, and is thus not immune from suit. We disagree. All of Inmate's allegations center around her duties and powers as a DOC employee, and as such, his intentional tort claim is barred by sovereign immunity. *See LaFrankie*, 618 A.2d at 1148.

Finally, DOC asserts that this Court lacks jurisdiction insofar as Inmate is alleging the crime of official oppression by Counselor, in the form of retaliation, and official oppression by Joseph, Brothers, the PREA Coordinator, and Barnacle, insofar as they acted in concert with Counselor to cover up her retaliatory acts. The writ of mandamus is not an available remedy in this case, as this Court cannot, *sua sponte*, issue criminal charges.

Accordingly, DOC's preliminary objections are sustained and Inmate's Petition for Review is dismissed.

_____
**JAMES GARDNER COLINS, Senior Judge**

9

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Jeffrey Tillman,                          :
                                          :
                    Petitioner            :
                                          :
          v.                              :     No. 327 M.D. 2016
                                          :
Pennsylvania Department of                :
Corrections, SCI Houtzdale, SCI           :
Somerset, Allen G. Joseph, CCPM Lt.       :
Brothers, BCI/PREA Coordinator,           :
                                          :
                    Respondents           :


# **O R D E R**


AND NOW, this 9th day of June, 2017, the preliminary objections filed by the Pennsylvania Department of Corrections (DOC) on behalf of DOC; Allen G. Joseph, Corrections Classification and Program Manager at SCI-Somerset; Lt. Brothers; DOC's Prison Rape Elimination Act Coordinator; Melissa Urbanick (SCI-Benner); and James Barnacle, Director of the DOC's Office of Special Investigations and Intelligence are SUSTAINED, and the petition for review filed by Jeffrey Tillman is DISMISSED.


_____
**JAMES GARDNER COLINS, Senior Judge**

Jeffrey Tillman, : 
                Petitioner : 
                : No. 327 M.D. 2016
       v. : 
                : Submitted: December 30, 2016
Pennsylvania Department of : 
Corrections, SCI Houtzdale, : 
SCI Somerset, Allen G. Joseph, : 
CCPM Lt. Brothers, BCI/PREA : 
Coordinator, : 
                Respondents : 


BEFORE:    HONORABLE RENÉE COHN JUBELIRER, Judge
                 HONORABLE PATRICIA A. McCULLOUGH, Judge
                 HONORABLE JAMES GARDNER COLINS, Senior Judge


## *OPINION NOT REPORTED*

DISSENTING OPINION
BY JUDGE McCULLOUGH                      FILED: June 9, 2017


I respectfully dissent from the portion of the majority opinion that grants the preliminary objection of the Pennsylvania Department of Corrections (Department) and dismisses an intentional tort claim asserted by Jeffrey Tillman (Tillman) against Counselor Mellissa Urbanick (Counselor).[1]

In the petition for review, Tillman averred that he is an inmate at the State Correctional Institution at Houtzdale and Counselor is his assigned counselor. Tillman alleged that, on multiple occasions while he showered in the facility's stalls, Counselor left her office, entered into the "bubble console" to obtain a

---

[1] In all other respects, I join the majority opinion.

vantage point, and watched him voyeuristically. (Petition for Review, Ex. 1.) Tillman further alleged that, after discovering Counselor's conduct, he attempted to avoid her voyeuristic actions on a few occasions by moving upstairs to the upper tier of the shower stalls. However, Tillman contends, Counselor responded by displaying "aggressive, angry, and adversarial behavior" toward him, apparently during counseling sessions, and out of "fear" of retaliation, he returned to the lower tier shower stalls and permitted Counselor to watch him. *Id.*

Based on this contention, Tillman asserts against Counselor an intentional tort sounding in invasion of privacy – intrusion upon seclusion.[2]

Under Pennsylvania law, a Commonwealth employee is protected by sovereign immunity for conduct occurring within the scope of his employment but remains liable for willful misconduct and intentional torts committed outside the scope of his employment. *Kull v. Guisse*, 81 A.3d 148, 157-158 (Pa. Cmwlth. 2013). An employee acts within the scope of his employment when he engages in conduct of the kind the employee is employed to perform, when the conduct occurs substantially within the authorized time and space limits, and when the conduct is actuated, at least in part, by a purpose to serve the employer. *Natt v. Labar*, 543 A.2d 223, 213-14 (Pa. Cmwlth. 1988).

"Where the alleged intentional tort was unprovoked, unnecessary or unjustified by security concerns or penological goals, courts have ruled that such conduct does not, as a matter of law, fall within the scope of employment." *Wesley*

---

[2] "One who intentionally intrudes, physically or otherwise, upon the solitude or seclusion of another or his private affairs or concerns, is subject to liability to the other for invasion of his privacy, if the intrusion would be highly offensive to a reasonable person." *Harris by Harris v. Easton Publication Co.*, 483 A.2d 1377, 1383 (Pa. Super. 1984) (citation omitted).

*v. Hollis*, (E.D. Pa., No. 03-3130, filed June 6, 2007) (unpublished).[3] Based upon the facts averred, if it can "be reasonably inferred that the [employee] was motivated by personal concerns, he was not acting within the scope of his employment . . . ." *Gray v. Wakefield*, (M.D. Pa., No. 3:CV-09-0979, filed June 4, 2014) (unpublished).[4] Ordinarily, the question of whether an individual has acted within the scope his employment is a question of fact for the jury to decide. *Orr v. William J. Burns International Detective Agency*, 12 A.2d 25, 27 (Pa. 1940).

At this stage, the Court must accept the allegations in Tillman's petition for review as true, *Aviles v. Pennsylvania Department of Corrections*, 875 A.2d 1209, 1211 n.3 (Pa. Cmwlth. 2005), and in so doing, it is not clear and free from doubt that these alleged acts would establish that Counselor was acting within the scope of her employment at the time of the alleged misconduct. Initially, it is reasonable to infer that, in her official capacity as a counselor to inmates, it was not part of Counselor's job duties to supervise an inmate while he showers, for security reasons or any other reason for that matter. Although the *alleged* incidents occurred during work hours, because these allegations are plausibly indicative of an underlying personal motivation to inflict dignitary harm upon Tillman, and do not reflect a desire to perform the Department's business or affairs, it cannot be said with certainty that Counselor was acting within the scope of her employment. "Where any doubt exists as to whether or not the preliminary objections should be sustained, that doubt should be resolved by refusing to sustain the objections." *Schott v. Westinghouse Electric Corp.*, 259 A.2d 443, 449 (Pa. 1969). Therefore,

---

[3] 2007 U.S. Dist. LEXIS 41562 at **50-51.

[4] 2014 U.S. Dist. LEXIS 77590 at *10.

based on the facts as averred in the petition for review, I would conclude that Counselor is not entitled to sovereign immunity and would permit Tillman's intentional tort claim in this regard only to proceed in the pleading stage.[5]

Accordingly, I respectfully dissent from the part of the majority opinion that dismisses Tillman's above-mentioned claim against Counselor.

_____
PATRICIA A. McCULLOUGH, Judge

---

[5] Without doubt, Tillman has made serious accusations against Counselor and he carries the burden of proof in this matter. Notably, Tillman has made identical allegations in his complaint to the Department's Office of Professional Responsibility and he verified their truthfulness in an unsworn declaration. (Petition for Review, Ex. 1). Consequently, the present averments in Tillman's petition for review are potentially subject to the penalty of perjury, a felony of the third degree. *See* Section 4902 of the Crimes Code, 18 Pa.C.S. §4902.